SMITH *against* COLSON AND ANOTHER.

THIS was an action of *trespass de bonis asportatis, &c.* The cause was tried at the *Green* circuit, the 28th *August*, 1812, before Mr. Justice *Yates*.

The plaintiff proved the taking and carrying away of the goods in question, by the defendants. On the part of the defendants, it was proved, that about 9 months previous to taking the goods, the plaintiff hired a house of *Colson*, at the rent of 70 dollars *per annum*, and that the goods in question were *distrained*, by him and

*Margin notes:*
ALBANY,
Jan. 1813.

SMITH
v.
COLSON.

Where, on a lease, the *rent* is made payable in *repairs*, &c. the landlord may distrain, it being for a sum certain.
So if land be held by certain *services*, the landlord may distrain.

SMITH
v.
COLSON.

the other defendant, who was a constable, for rent. The evidence as to the time and manner in which the rent was payable was various and contradictory.

The plaintiff attempted to prove that the rent was payable in *repairs* and *improvements* to be made on the premises. It was proved by the defendants that the rent was payable quarterly; and they contested the fact that it was payable in repairs, &c.

The judge charged the jury, that if they were satisfied from the evidence, that the rent was payable in *repairs* of the premises, the landlord had shown no right to distrain; and if they were satisfied from the evidence, that by the terms of the letting, no rent was due, until the expiration of the year, then the plaintiff had no right to distrain, as the year had not elapsed. The jury found a verdict for the plaintiff, for 44 dollars and 50 cents.

A motion was made to set aside the verdict, for the misdirection of the judge. The cause was submitted to the court without argument.

*Per Curiam.* Admitting that the rent was payable in repairs, yet the amount of the rent, and, consequently, the extent of the repairs, was certain, being fixed at 70 dollars. The remedy by distress then applied to this case. A landlord may distrain for services, as well as for money due by way of rent; and the books specify a variety of services and duties for which the party had this remedy at the common law. The great principle was, that the service be certain, or capable of being reduced to certainty, so that upon the avowry, the lord might be able to ascertain and recover the damages for non-performance. If a tenant held of his lord by the service of shearing the sheep of the manor, the lord might distrain for this service. (*Co. Litt.* 96. a.) There must be a new trial, for misdirection, with costs to abide the event of the suit.

New trial granted.