(88 Misc. Rep. 538)

## MULLIGAN v. KRAUS et al.

(Supreme Court, Appellate Term, First Department. January 26, 1915.)

1. LANDLORD AND TENANT (§ 296*)—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS—PETITION.

Where a lease provided that the demise should be at the yearly rent of the payment of a fixed sum, and in addition interest on a mortgage, and the taxes, water rates, and assessments against the property, the petition in summary proceedings by the landlord to recover possession might include as grounds therefor nonpayment of the fixed rental and of the other items specified.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1272–1275, 1283; Dec. Dig. § 296.*]

2. PARTNERSHIP (§ 110*)—ACTIONS BETWEEN PARTNERS—LEGAL ACTION—SUMMARY PROCEEDINGS.

Where an owner leased his property to a copartnership of which he was a member, reserving a fixed rent therefor, and thereafter a new partnership agreement was made, by which the rights of the owner were expressly recognized, and which stated that the only interest of the firm in the premises was that of lessee, the executor of the owner could maintain summary proceedings against the copartnership to recover possession of the premises for nonpayment of the amount, without proceeding in equity for an accounting of the partnership, since it was the intention of the parties that the relations of the owner as lessor and as partner should be kept separate.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 172; Dec. Dig. § 110.*]

3. LANDLORD AND TENANT (§ 294*)—RECOVERY OF POSSESSION BY LANDLORD—SUMMARY PROCEEDINGS—RIGHT OF RE-ENTRY.

A landlord's reserved right of re-entry does not restrict him to a recovery of the premises by ejectment, to the exclusion of summary proceedings.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1270; Dec. Dig. § 294.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings to recover possession of leased premises by Lawrence Mulligan, as agent for himself and others, against Davis Kraus and Fanny Kraus, executor and executrix under the last will of George J. Kraus, deceased, and others. From an order of the Municipal Court, dismissing the proceedings, plaintiff appeals. Reversed, with directions to enter final order in favor of the plaintiff.

Argued November term, 1914, before LEHMAN, WHITAKER, and DELANY, JJ.

Ellison & Ellison, of New York City (William B. Ellison, of New York City, and Benjamin F. Allen, Jr., of Brooklyn, of counsel), for appellant.

Charles L. Hoffman and Henry A. Friedman, both of New York City, for respondents.

DELANY, J. The proceeding was brought by the landlord to dispossess the tenant, Kraus, as survivor, etc., of the copartnership tenant, by reason of the failure of the tenant to pay the rent of the prem-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

151 N.Y.S.—26

ises demised. It appears that on· May 22, 1907, Timothy D. Sullivan and George J. Kraus were, and for some time before that date had been, engaged in the theatrical business as copartners, and that the said Timothy D. Sullivan was and had been the owner of the fee of the premises located at No. 123 to 127 East Thirteenth street, and at No. 126 to 128 East Fourteenth street, known as the Dewey Theater, in the borough of Manhattan, city of New York. On May 22, 1907, the said owner of the premises, Timothy D. Sullivan, as landlord, leased them for a term of 21 years to .Timothy D. Sullivan and George J. Kraus, as tenants. By the terms of the written lease the letting was agreed to be— ·

"at the yearly rent or sum of as follows: The payment of the fixed sum of $2,600, and in addition the interest on the first mortgage on said property for the sum of $100,000, together with taxes, water rates, and assessments against the said property, to be paid semiannually or as the said obligations may accrue."

Subsequently, and on the 9th of October, 1907, Timothy D. Sullivan and George J. Kraus made an agreement which provided, among other things, that:

"First. The parties hereto hereby enter into· copartnership under the firm name of Sullivan & Kraus, and as such to be equal owners of all property of every kind and nature formerly belonging to the firm of Sullivan & Kraus. * * *

"Third. The said copartnership shall commence on the date hereof and continue for the period of 21 years. * * *

"Sixth. The party of the second part shall have the exclusive management of the business of said copartnership. * * *

"Eleventh. It is understood between the parties hereto that the ownership of the land and building on which the Dewey Theater premises are situated is solely and exclusively in Timothy D. Sullivan, the party of the first part hereto, and nothing herein contained is intended to vest in the party of the second part any interest as owner in said land or building, and that the interest of the firm of Sullivan & Kraus shall be solely that of lessees, and also owners of the theatrical business therein conducted. It is agreed that the party of the first part for the rent of the said Dewey Theater premises is to receive the sum of twenty-six hundred ($2,600) dollars per annum net. Said firm is to pay in addition to said sum of $2,600 all carrying charges of any kind or nature on the said Dewey Theater premises, except interest on mortgages over $100,000, which is to be paid personally by party of first part.

"This agreement is intended to supersede and take the place of all previous agreements in existence between the parties hereto and shall be binding on their heirs, legal representatives, and assigns."

After the making of the said agreement Timothy D. Sullivan was paid $2,600 yearly up to September, 1912. He died August 31, 1913, and his will, probated October 28, 1913, is the source from which the landlord in this proceeding acquired title. Since the decease of Timothy D. Sullivan, and on March 1, 1914, there was due to the landlord under the lease $14,752.62 in water rates, taxes, interest on mortgages, and several fixed sums of $2,600 each, which were by the terms of the lease reserved as rent.

Demand was made by the present landlord as successor of Timothy D. Sullivan upon the defendant Kraus, the survivor of the copartnership of Sullivan & Kraus, tenant, for the rent due and unpaid, and, no part

of it having been paid, this proceeding to dispossess the tenant and the latter's subtenants was taken by the filing of the petition herein, which alleged the title of the petitioning landlord, the original ownership of Timothy D. Sullivan of the fee of the premises, the making of the lease between Sullivan as landlord, and Sullivan & Kraus as tenant, the reservation of the various sums as yearly rent, the provisions for re-entry in case of default in payment of the rent, the decease of Sullivan, the probate of his will, the issue of letters testamentary thereon to the petitioning landlord and others, the devise of the said premises in the said will to the said petitioner and others, the sum due as rent and unpaid, the demand for payment, and the tenant's failure to pay the same.

The tenant's answer admits the making of the lease between Timothy D. Sullivan, as landlord, and the firm of Sullivan & Kraus, consisting of Timothy D. Sullivan and George J. Kraus, as tenant, the reservation therein of the aforesaid sums as rent, and the provision for re-entry by the landlord in the event of tenant's failure to pay rent. It further admits the copartnership existing between Sullivan & Kraus before the making of the lease, and the making of the copartnership agreement on October 9, 1907, after the making of the lease, and alleges that the firm of Sullivan & Kraus is in possession, and that Timothy D. Sullivan before his death recovered all moneys due him as landlord of the premises.

At the beginning of the trial the tenant moved for a dismissal of the proceedings, contending that the landlord could not maintain the proceeding for the reason that, as Timothy D. Sullivan was a partner of the firm of Sullivan & Kraus, he could not, as landlord, maintain an action against himself, as tenant; that his representatives stood in no better position than he did; that in no event could the proceeding be maintained until an accounting would be had in equity to determine whether Sullivan, as a partner, did not owe the partnership more than the partnership owed him as landlord; and on the further ground that the petition included in the claim for rent certain sums representing taxes, water charges, and interest, which claims could not be included in one proceeding, because, in the event that a final order had to be made in the landlord's favor, the grounds on which the proceeding would be sustained would be different, if granted for nonpayment of rent than if granted for nonpayment of taxes, water rates, interest, etc.

[1] The court denied the motion, and rightly so, it seems to us, because the lease provides that the demise shall be—

"at the yearly rent or sum of as follows: The payment of the fixed sum of $2,600, and in addition the interest on the first mortgage on said property for the sum of $100,000, together with taxes, water rates, and assessments against the said property, to be paid semiannually or as said obligations may accrue. * * * And the said parties of the second part do covenant to pay unto the said party of the first part the said yearly rent *as herein specified.*"

This reservation of the rates, etc., as rent, was sufficient to sustain the proceeding. Cochran v. Reich, 20 Misc. Rep. 623, at page 625, 46 N. Y. Supp. 443. See, also, McAdam's Landlord and Tenant (4th Ed.) vol. 3, p. 188. The petitioner then proved that he was one of Timothy D. Sullivan's heirs at law and represented the other heirs,

that the sums reserved as rent had not been paid, and that demand therefor had been made.

The lease was admitted in evidence, together with a certified copy of Timothy D. Sullivan's will and the agreement of October 9, 1907. The tenant, by its bookkeeper, testified that there had been no settlement of the affairs of the firm of Sullivan & Kraus between the defendant Kraus and the representatives of Timothy D. Sullivan, deceased; that no accounting had been had between Timothy D. Sullivan and George J. Kraus, and (over landlord's objection and exception) that Timothy D. Sullivan received $2,600 per year, as the item referred to in the petition, up to March 3, 1908; and that the rate of payment to Sullivan was changed at one time from $1,300 to $1,625 every six months, and that the last check paid was September 13, 1912. No evidence of any payments since the decease of Sullivan was offered by tenant.

[2] The court below in its written decision referred to paragraphs 2, 8, 11, and to the clause at the bottom of the copartnership agreement of October 9, 1907, which paragraphs and clause in substance recited: That, as copartners, Sullivan & Kraus were jointly interested and were joint owners of the *theatrical business* conducted at the premises known as the Dewey Theater; that the lease of the Dewey Theater shall form part of the firm's assets and be owned in equal shares by the partners; that it is understood that Timothy D. Sullivan is the sole and exclusive owner of the premises; no interest as owner of the premises is to vest in Kraus; the only interest of the firm of Sullivan & Kraus in the premises is *as tenant* and *as owner of the theatrical business* conducted upon them, and that the agreement of October 9, 1907, is to supersede all previous agreements in existence between the parties. The court then said:

"It appearing, therefore, that this is a proceeding brought by the representatives of one partner upon premises leased by said partner to the firm, upon an agreement for rent to be paid by the latter to him, I am compelled to hold, under the authority of the case of Bailey v. Crowell, reported in 13 Misc. Rep. 63 [34 N. Y. Supp. 53], that this proceeding at this time cannot be maintained. Therein it was held by Bischoff, J., page 65 [of 13 Misc. Rep., at page 55 of 34 N. Y. Supp.]: Where one partner leases premises to the partnership upon an agreement for rent to be paid by the latter, he cannot maintain an action at law for the recovery of the rent; * * * and the rule applies with equal force to a summary proceeding to recover possession of the premises. * * *"

A reference to the written opinion of the trial judge in this case will disclose what appears to be his motive for offering no criticism or contest of the case of Bailey v. Crowell, supra. He says:

"This case has never been overruled, and is still authority and binding upon this court."

The decision in Bailey v. Crowell, supra, was rendered in 1895 by the General Term of the Court of Common Pleas, upon an appeal from a final order in summary proceedings in favor of the defendant by a justice of the District Court of the City of New York in the First judicial district. The opinion was written by Bischoff, J.; Bookstaver and Giegerich, JJ., concurring. The theory on which the

judge below decided the present case is that Bailey v. Crowell is controlling, and, if it is controlling on him, the decision might be regarded as controlling on this court, on the theory of stare decisis.

It seems to be quite manifest that, since the adoption of the Constitution of 1894 and the statutory changes made to effectuate the purpose of the Constitution, the General Term of the Court of Common Pleas is to be regarded as the predecessor of the present Appellate Term, in so far as the latter court has appellate jurisdiction over the inferior City and Municipal Courts of the City of New York, and we would be inclined to accept all the responsibility for the adoption of that view, if the facts in the case at bar were the same as those in Bailey v. Crowell. The proceeding in that case was brought by Bailey against Crowell as the receiver of Gano & Crowell, a copartnership, to recover possession of the premises rented by Gano to the partnership (of which said Gano was a member) for failure to pay rent. From the record in that case, it appears that the plaintiff, Bailey, was the assignee of Gano, who had made a partnership agreement with Crowell for the conduct of a restaurant business in New York City. Gano, as his contribution to the capital of the partnership, agreed that he "will furnish the funds necessary to the equipment and furnishing for the said restaurant, and also furnish the store at a rent agreed on between the partnership and said Gano. * * *" The agreement also provided that:

"In the purchase of supplies the said Gano is to furnish the partnership with such funds as are necessary, which funds, however, are to be charged to the partnership and returned to the said Gano *when business is in a prosperous condition;*" and "it is further agreed that each party is to share equally in the net profits of the business *after all running expenses have been paid,* and that such profits shall be divided monthly and each of the members of the copartnership is to receive a weekly allowance of $20 which is to be paid from the business and charged to the copartnership as running expenses."

Gano appears to have assigned his lease of the premises and his interest in the partnership to the plaintiff, Bailey, before the summary proceeding was begun. It appears, also, that the defendant Crowell testified that there was an oral agreement that the partnership was not to pay rent to Gano until such time as the restaurant business should become a paying proposition; that as a matter of fact, from the day that Gano and Crowell took possession of the premises to the beginning of the summary proceeding, no rent was ever paid by the partnership, or by the receiver of the partnership, Crowell. The trial court in that proceeding stated that in his opinion the only material question was whether the payment of the rent was not "suspended until the business was on a paying basis." Gano under his agreement contributed to the partnership, of which he was a member: (1) The equipment and furnishings of the restaurant; (2) the supplies necessary to maintain it; (3) the store in which the restaurant business was conducted at a rental agreed upon. From this agreement it is clear that Gano, *as consideration for his furnishing the store as part of his contribution to the partnership property,* was to be paid a rent in addition to his share of the profits of the partnership. Bailey brought

his proceeding under the assignment to him of Gano's interest in the *partnership agreement.* The case was determinative of Gano's right under the partnership agreement, not under the lease; and this view is borne out by the opinion in Bailey v. Crowell, supra, 13 Misc. Rep. at page 64, 34 N. Y. Supp. 54, wherein it is stated that:

"It is under this assignment that plaintiff claims possession of the store occupied by the firm for the nonpayment of rent thereafter falling due. * * * By the terms of the assignment * * * Bailey held no better position as against the copartnership with regard to the premises than did Gano, his assignor under the partnership agreement, and *this proceeding is founded upon the latter's right as thus assigned.*"

But the facts in the case before us are not the same as those in Bailey v. Crowell. The premises herein were not contributed by Sullivan to the firm of Sullivan & Kraus as part of the partnership capital.

The ground on which the court below decided the motion herein is set forth in his written opinion, and that is that the landlord partner can only recover his rent on an accounting. We do not think that such a course was in accordance with the law. It is true that, under ordinary conditions, without an accounting and a resulting ascertainment of the state of the financial situation, the affairs of a partnership would not be in position for the determination of the respective rights of the copartners. It is not in every case where one partner sues another, however, that an accounting in a court of equity is necessary. Where the relations are such that they can, and in order to work out justice, the partners should be regarded as distinct and separate entities, an action at law may be resorted to, especially where the matter in question does not necessarily enter the partnership accounts as such. Crater v. Bininger, 45 N. Y. 545; Bank of B. N. A. v. Delafield, 126 N. Y. 410, 27 N. E. 797.

In this case the agreement shows an evident intention to separate the question of rent from the ordinary affairs of the partnership and to maintain the situation as if the landlord was a different person from the partner. The fact must not be lost sight of that coincident with the lease by the landlord, Sullivan, and intended to affect the relations of the parties thereto, was a partnership agreement. The express intention of that agreement was to preserve to the deceased partner the rights of a landlord and to impose upon the partnership the obligations of a tenant. The surviving partner, Kraus, was given exclusive management of the partnership by that instrument. It was expressly understood that the ownership of the premises' was "solely and exclusively" in Sullivan, "and nothing herein contained is intended to vest in the party of the second part [Kraus] any interest as owner in said land or building, and that the interest of the firm of Sullivan & Kraus shall be *solely that of lessees.* * * *"

The answer affirms the exclusive control by Kraus of the theatrical business, and that an application for a receiver of it was denied. There is a manifest intention to maintain the two accounts separate; that the partnership was to have all the rights and obligations of tenant, and Sullivan all the rights of landlord; the obligation to pay the prescribed rent remains the same, was a charge against the part-

nership, and the fact that it was one of the partners who was entitled to the rent did not complicate the partnership account any more than if he was a stranger landlord. If this was a partnership question pure and simple, equity would have exclusive jurisdiction; but here the question can be determined at law. The facts in this case by the *special agreement* of the parties necessitated the separation of this item of rent from the partnership affairs—that is, between the partners as such—involved the payment of the rent, not the taking of an account, and comes, in my opinion, within the law which allows an action at law, notwithstanding the partnership relation.

[3] The statute governing summary proceedings is a remedial one, and applies where the relation of landlord and tenant created by agreement exists between the parties, and rent is due and unpaid, and possession refused. Under the peculiar circumstances of this case, the most important provision of the lease made by the parties and the spirit of the statute would be nullified by compelling the landlord to await an accounting of the partnership before he could have possession of his premises. The respondents' contention that the right to re-enter contained in the lease restricts the landlord to an action of ejectment is untenable. Fleishauer v. Bell, 44 Misc. Rep. 240, 88 N. Y. Supp. 922; Crosby v. Jarvis, 46 Misc. Rep. 436, 92 N. Y. Supp. 229.

Final order in favor of the tenant in the lower court reversed, and final order in favor of the landlord directed to be entered in the lower court, with appropriate costs. All concur.