SOPHIE KNEPPER, Landlord-appellant, v. SAMUEL ROTHBAUM and LEON GOLDBERG, Tenants-respondents, and ROSE SAMUELS et al., Under-tenants.*

(Supreme Court, Appellate Term, First Department, July, 1918.)

Summary proceedings — when cost of repairs constitutes "rent" — dispossession of tenant for nonpayment of rent — lease — landlord and tenant — jurisdiction.

Where a lease provides that upon the tenants' failure to keep the premises in good order and repair the landlord shall have the right to make such repairs and add the cost to the rent due for the month following the date of the repairs, and

---

* Received too late for insertion in proper place.— [REPR.

that such cost "shall be and constitute such rent" together with the rent reserved, summary proceedings are maintainable to recover as "rent" the cost of such repairs.

Where, in a proceeding to dispossess tenants for nonpayment of rent, the petition alleges that they failed to keep the premises in good order and repair as covenanted, the giving of due written notice, as required by the lease, that certain repairs were actually necessary, that the landlord made them at a certain cost which was added to the rent due and that after due demand the tenants failed to pay the rent, a final order in favor of the tenants upon the ground that the court had not jurisdiction will be reversed, and a new trial ordered.

APPEAL by the landlord from a final order of the Municipal Court of the city of New York, borough of the Bronx, second district, in favor of tenants.

Joseph Rosenzweig, for appellant.

Joseph E. Greenberg, for respondents.

WEEKS, J.   This is an appeal by the landlord from a final order in dispossess proceedings in favor of the tenants upon the ground that the court had no jurisdiction.

The petition was based upon a written lease containing the following clause: " It is further agreed between the parties to these presents, that the tenants shall and will keep the inside of said premises, in good order and repair, during the term aforesaid and upon failure so to do, the landlord shall have the right to give a notice in writing unto the tenants to be mailed to them, by registered mail, addressed to the demised premises, specifying the repairs which the tenants have failed to make, and in the event that the said repairs are actually necessary and the tenants have failed to make the same within thirty days from the date of such mailing of said notice, the landlord shall have the right to make such repairs and add the

amount of the cost thereof to the rent due hereunder on the first of the month following the date of repairs and such cost of such repairs shall be and constitute such rent, together with the rent above provided for."

It further alleged that the tenants failed to keep the inside of said premises in good order and repair, the giving of due notice in writing that such repairs were actually necessary, the failure of the tenants to make the repairs; that the landlord made such repairs at a cost of $187.50 and that the cost thereof was added by the landlord to the rent due on March 1, 1918, making the total rent due March 1, 1918, $350; that after due demand the tenants failed to pay said rent except the sum of $325, leaving a balance of $25; that there also became due $162.50 on April 1, 1918, and that the tenants after due demand had failed to pay the same.

The tenants did not file any answer but moved to dismiss the petition upon the ground that the court had no jurisdiction and the court granted the motion apparently upon the authority of *Simonelli* v. *Di Ericco,* 59 Misc. Rep. 486, and *Kleinstein* v. *Gonsky,* 134 App. Div. 266.

We think the court was in error in dismissing the petition upon the ground stated, as the terms of the lease in the instant case are entirely different from the terms contained in the leases in the cases cited.

In the case of *Kleinstein* v. *Gonsky, supra,* the lease contained a covenant that the tenant should make all repairs and provided that " if default shall be made in any of the covenants herein contained * * * then it shall be lawful for the said party of the first part to re-enter the said premises, the same to have again and to repossess himself of the same."

There was no provision in the lease that the landlord could make repairs and add the cost thereof to

the rent becoming due and that such cost should " be and constitute rent."

In that case the court did not go further than to hold that a breach of a covenant to make repairs was not one of the cases specified in the statute authorizing the institution of dispossess proceedings and that the word " repossess " was not equivalent to the word " dispossess " as used in the statute.

In the case of *Simonelli* v. *Di Ericco, supra,* the language in the lease then under consideration was " that in case the tenant shall fail or neglect to make any necessary repair or comply with the Health Department or other Departments, then the landlord may enter said premises and make said repairs and comply with said orders at the expense and cost of the tenant and in case of failure by him to pay the same, the same shall be added to the rent then due or the landlord may deduct the same from any balance or sum remaining in his hands."

Under the language of that lease the court held that the tenant could not be removed by summary proceedings for failure to reimburse the landlord for his expenses in making repairs and the opinion in that case clearly indicated that a different situation would exist had the cost of repairs been made rent under the terms of the lease, for the court said: " In any event, even the language of the lease does not make this sum of money rent but simply states that the same shall be added to the rent then due."

It is well settled that rent need not be money. It may consist of anything that is certain or capable of being made so by either party and it is held to be certain when the amount or quantity can be reduced to certainty by computation or proof (*Smith* v. *Fyler,* 2 Hill, 648; *Valentine* v. *Jackson,* 9 Wend. 302; *Smith* v. *Colson,* 10 Johns. 91), and it has been held that sum-

mary proceedings could be maintained for the cost of building a new chimney, where the tenant agreed to pay for the same as rent (*People ex rel. White* v. *Loomis,* 2 Civ. Pro. 278), and for the amount paid for water rents where the landlord was authorized to pay them and to enforce payment as part of the rent reserved by the lease. *Cochran* v. *Reich,* 20 Misc. Rep. 623.

In the instant case the amount to be added to the stipulated monthly rent was made certain by the agreement of the parties that it should be the *cost* of the repairs and the time for the payment thereof was likewise fixed and it was clearly stipulated that the same should " be and constitute rent " together with the annual rent provided for in the lease.

The final order in favor of the tenant dismissing the proceeding should therefore be reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

Guy and Bijur, JJ., concur.

Final order reversed and new trial ordered, with costs to appellant to abide event.