Arthur E. Blyn, J.
Motion to dismiss petition pursuant to section 404 of the New York City Civil Court Act on the grounds that the court lacks jurisdiction to grant the relief sought in this summary proceeding.
. The controversy involves a commercial tenant in possession .of the subject premises at least since October 1, 1969, under 8 the terms of a written lease. There have been two such leases since that date. The current lease, executed on August 19, 1974 and effective as of October 1, 1974, expired on September 30, 1975.
The petitioner commenced this holdover summary proceeding to recover possession of the demised premises. The petition however, in addition to seeking possession, demands a money judgment in the total sum of $58,502.23. Of that sum, $11,619.74 represents rent claimed to be due for the months of August and September, 1975 and use and occupancy for October, 1975. The balance, $46,882.49 represents an amount claimed to be due pursuant to paragraph "35” of the current lease, which in essence provided for monthly installment payment of moneys agreed by the parties in that lease to have been due under the terms of the prior lease. As set forth in paragraph "35” these monthly installment payments were described as: "prior escalation plus any escalations for the Cost of Living and Tax Adjustments for 1974”. Such payments however were described in the prior lease as "additional rent”.
No issue has been raised by the respondent in its opposing *294 papers as to the foregoing facts and the court concludes that there is no dispute as to these facts.
The dispute presented is thus a question of law.
Respondent argues that the court has no jurisdiction inasmuch as some paragraphs of the petition seek relief not within the jurisdiction of this court. The crux of respondent’s argument is that the sum of $46,882.49, sought as part of the demand for a money judgment, is not rent (or additional rent) and therefore is not properly the subject of a money judgment sought in a summary proceeding. Inasmuch as respondent demands dismissal of the petition the court assumes that the gravamen of the motion is that the petition thus tainted, even in part, must be dismissed in toto.
There is no question that paragraph "35” of the current lease does not use language which denominates such monthly installments as rent or additional rent. There is also no question that the petition in addition to seeking recovery of the premises by reason of the termination of the lease also requests a money judgment in the total sum of $58,502.23, which amount includes $46,882.49 claimed by the respondent not to constitute rent recoverable in this summary proceeding.
Respondent relies upon Rasch, New York Landlord and Tenant (2d ed, § 355, pp 447-448), and the cases cited therein, including a statement from a decision by Judge Watson in the case of 140 W. 69th St. Corp. v Simis (186 Misc 342).
In brief the principle of law set forth by Rasch, and the one relied upon by respondent, and articulated by Judge Watson, is: "Therefore, when additional payments are covenanted to be made by a tenant under a lease, such as taxes, assessments, the cost of repairs, insurance premiums, and the like, such payments will constitute rent only if the parties so agree. The term 'rent’ will not be deemed to include any other payments which the tenant has covenanted to make, unless the parties expressly provide that such other payments shall constitute rent.” (Rasch, p 448, supra). If the basic relief sought herein was in the form of a nonpayment summary proceeding this court would agree with the respondent’s position. In such proceedings the definition of rent or additional rent must be strictly construed inasmuch as the very jurisdiction of the court is at issue.
It is true that in all of the cases cited by the respondent, also cited by Rasch (supra), this principle was applied. How *295 ever every one of these cases dealt with proceedings to recover possession on the grounds of nonpayment of rent (or additional rent) and the issue raised was whether indeed the unpaid sums sought were rent or additional rent. (Matter of Petrakakis v Crown Hotels, 3 AD2d 635; Knepper v Rothbaum, 104 Misc 554; Mulligan v Kraus, 88 Misc 538; and 140 W 69th St. Corp. v Simis, supra.)
In the within case, which is a holdover summary proceeding, the petitioner seeks recovery of possession of the demised premises on the grounds of the expiration of the lease not because of nonpayment of rent or additional rent.. This distinguishes the within proceeding from the cases and authority cited by respondent. The portion of the petition which seeks possession of the premises on the grounds of expiration of the lease in and of itself bestows jurisdiction upon the court. It thus has the power to grant petitioner possession of the premises. The matter of the money judgment sought is in the way of additional relief.
The court before whom this summary proceeding will be tried could award possession and judgment in the sum of $11,619.74, which sum represents without contradiction rent as strictly defined by the cases cited. Such a disposition would thus relegate petitioner to commencing another lawsuit in the Supreme Court for the balance of $46,882.49.
If the court were to apply the strict construction theory of definition of rent as set forth in Rasch (supra), and the cases cited therein and by respondent, the petitioner would be compelled to commence such other lawsuit in the Supreme Court, thus burdening our courts with unnecessary litigation, and the parties with additional costs and legal fees. Further, in such other lawsuit the petitioner might be met, to boot, with the defense of "splitting of a cause of action”.
This is an absurd conclusion which this court will not countenance. This court finds that paragraph "35” of the current lease when read in conjunction with the terms of the prior lease, bring the monthly installment payments provided for in that paragraph within the ambit of the phrase "additional rent”.
The court therefore denies the motion to dismiss the petition and finds that the court has jurisdiction for all purposes of this proceeding, including the sum sought under the provisions of paragraph "35” of the current lease.
*296 Respondent may serve and file its answer within five days after service of a copy of this order with notice of entry.