SILVERSET PROPERTIES, Petitioner, v NICHOLAS PRISCO et al., Respondents.

City Court of Yonkers, February 16, 1988

**APPEARANCES OF COUNSEL**

*Apicella, Bernstein & Milano* for petitioner. *Ira S. Clair* for respondents.

**OPINION OF THE COURT**

GILBERT RABIN, J.

This petitioner commenced a proceeding to recover possession of real property under RPAPL article 7. The petitioner alleges the ground for proceeding is the nonpayment of rent. The rent, which it is alleged has not been paid, is the sum of $4,425.26, "added rent" for alleged damage to the building.

Petitioner alleges that the respondents, members of their family or guests caused damage to various parts of the building by allowing water to overflow a bathtub.

The parties entered into a rental agreement for apartment 2H at 277 Bronx River Road, Yonkers, New York. By the terms of the agreement, the total rent for a period of two years was the sum of $11,536.80 payable in monthly installments of $480.70. Under paragraph (1) (b) of the additional terms of the agreement, it is provided: "Payments, in addition to rent, due to the landlord under this agreement, are 'added rent'. 'Added rent' is considered to be the same as rent. 'Added rent' is due with the next monthly rent payment." The agreement provides in paragraph (5), labeled "Care of the Apartment", subparagraph (d) that: "Tenant will pay for any damage to the apartment, its furnishings, or the building caused by the Tenant or his guests."

The apartment rented by respondents is subject to the Emergency Tenant Protection Act (ETPA) (L 1974, ch 576, § 4). The Legislature has determined that a serious public emergency exists in the housing of a considerable number of persons. The Legislature determined that regulation was necessary to prevent unjust, unreasonable and oppressive rents and rental agreements which, without regulation, would result in uncertainty, hardship and dislocation. (See, McKinney's Uncons Laws of NY § 8622 [ETPA § 2].)

Pursuant to McKinney's Unconsolidated Laws of NY § 8630 (ETPA § 10), the State Division of Housing and Community Renewal (DHCR) is empowered to implement the Emergency Tenant Protection Act by appropriate regulation. DHCR is directed by section 8630 to "prescribe standards with respect to the terms and conditions of new and renewal leases, additional rent and such related matters as security deposits, advance rental payments, the use of escalator clauses in leases and provision for increase in rentals for garages and other ancillary facilities, so as to insure that the level of rent adjustments authorized under this law will not be subverted and made ineffective."

DHCR has promulgated regulations governing evictions (9 NYCRR 2504.1 et seq.). As long as the tenant continues to pay the rent to which the landlord is entitled, a tenant may be evicted only on the basis of certain specified wrongful acts (9 NYCRR 2504.2). The nonpayment of a sum of money assessed as damages and labeled "additional rent" is not one of the

specified acts. The petitioner did not commence this proceeding premised on a wrongful act under section 2504.2, but rather on the basis of nonpayment of rent.

The validity of the petition and the determination of the motion to dismiss depend on whether "additional rent" is to be treated as rent under ETPA.

Although the DHCR is empowered and indeed directed by McKinney's Unconsolidated Laws of NY § 8630 to promulgate regulations with regard to additional rent, the regulations are silent as to the treatment of such sums. The court is left with the general provision that a purpose of the Emergency Tenant Protection Act is to prevent the use of unreasonable terms which would result in unjust dislocation.

If this court were to enforce the terms of the contract in this summary proceeding, there would be an increase in the two-year rent in excess of 38%. Even more extreme, there would be an increase in the monthly rental, the nonpayment of which is the predicate for this proceeding, of in excess of 900%. Such a result is hardly consonant with the purpose of regulating rent and would clearly subvert and make ineffective the authorized adjustments of rent.

The cases cited by the petitioner in opposition to the motion do not control this result. *Knepper v Rothbaum* (104 Misc 554 [App Term, 1st Dept 1918]) is a case decided long before the advent of the current rent regulation statutes. The same is true for *Bribitzer v Wahlig* (235 App Div 702), a Second Department case decided in 1932. The more recent case of *Morningside Studios v Lucille Hotel Corp.* (70 Misc 2d 760 [Civ Ct, NY County 1972]) involved a commercial lease.

This court is guided by the analysis of the Court of Appeals in *Park W. Vil. v Lewis* (62 NY2d 431 [1984]). That case did not involve a nonpayment of rent or an additional rent question, but dealt with the question of a violation of a substantial obligation of a tenancy. Recognizing the existence of the housing crisis in New York City, the Court of Appeals refused to give a restrictive construction to part of the Code of the Rent Stabilization Association of New York City, Inc. dealing with wrongful acts of a tenant. The court required that a landlord not only show a violation of a substantial obligation of the lease, but also that the violation of the obligation was significant.

This court recognizes the existence of a housing emergency in Yonkers. If this court were to give an expansive reading to

the term rent and allow it to include "additional rent" as the sole basis of a nonpayment eviction proceeding the protections of the Emergency Tenant Protection Act would be rendered meaningless.

If this court were to accept the landlord's position and treat "additional rent" as rent, the landlord might subsequently find it to be an empty victory. If "additional rent" is rent for one purpose under the Act, logic compels that it be treated as rent for all purposes. It is hard to imagine a 900% increase being anything other than a sum in excess of the legal regulated rent. It would also be difficult to imagine an assertion that the collection of such a sum would be anything other than willful, which if collected by the petitioner might trigger the imposition of treble damages under 9 NYCRR 2506.1.

A summary nonpayment proceeding is designed to restore possession of realty to an owner who is being deprived of the value of the use and occupancy of the premises as determined by the rent set forth in the lease. Petitioner is receiving the value due pursuant to the lease and the applicable statutes and regulations. Petitioner is not without a remedy to enforce his contract claim. The remedy lies in a plenary proceeding, not in this summary proceeding.

This court holds that any property damages allegedly caused by a tenant of solely a residential unit which is covered by ETPA may be additional rent under the contract (lease) but it is not rent which would entitle a petitioner to evict such a tenant when all rent due has been fully paid by a tenant.

The motion to dismiss the petition is granted. As the issue presented was novel, the court allows respondent attorney's fees in the amount of $150.