Mr. Justice BKADLEY
 

 delivered the opinion of the court.
 

 The question is, whether the lien of the landlord is, or is not, superior to that of the trustee. The Supreme Court of the District decided that it is, and in that opinion we concur.
 

 It will be seen by reference to the act of Congress passed February 22d, 1867, and which governs the subject, that it is clear and explicit that the landlord shall have a lien upon the tenant’s chattels on the premises (liable to execution), “to commence with the tenancy and continue for three mouths after the rent is due.” It also points out how, within the three months, the lien is to be enforced, namely, by attachment, &c. In this case the chattel was on the premises, it was attached within three months after the rent accrued, the suit on the attachment was regularly prosecuted to judgment, and the marshal took the chattel in execution.
 
 *16
 
 The case is strictly within the language of the act, unless the press was not “ such a chattel of the tenant as is subject to execution.”
 

 The plaintiff in error contends that the deed of trust, being a valid instrument, the property became vested in the trustee, and the press was not liable to be taken in execution for the debts of the tenant, and, therefore, that the act does not give the landlord a lieu, because the lien given by the act is only upon such chattels of the tenant as are subject to execution.
 

 The deed of trust was, in effect and purpose, nothing but a mortgage. It was given to secure the payment of a loan. It was an express lien created by deed to secure the performance of a contract. The landlord’s lien is an implied or tacit lien, created by law to secure the performance of another contract, and, of the two, the landlord’s is the prior lien, and cannot be displaced by the other. The landlord’s lien attached to the printing-press the moment it was placed upon the demised premises, before the mortgage was given, and as long as it remained on the premises the lien continued until each instalment of rent became due and for three months afterwards, and then ceased as to that instalment. Had the tenant made an absolute and
 
 bond fide
 
 sale of the press, the case would have been a different one. The law protects
 
 bond fide
 
 purchasers without notice of the landlord’s lien. Goods sold in the ordinary course of trade undoubtedly become discharged from the lien; otherwise business could not be safely carried on. This was so decided by the Supreme Court of Iowa in giving construction to a similar law of that State.
 
 *
 
 But neither the words nor the reason of the law call for a postponement of the landlord’s lien to that of a subsequent mortgage or execution creditor, so long as the goods remain on the demised premises and continue to be the property of the tenant.
 

 As to the suggestion that this press was not subject to execution, we apprehend that a deed of trust does not pro
 
 *17
 
 tect goods from sale by execution. The owner has still an interest, or equity of redemption in them, which is subject to sale; and a purchaser at an execution sale would be entitled to redeem the goods from the deed of trust by paying the debt secured thereby. When the law imposes the lien only upon such goods of the tenant upon the premises
 
 as are subject to execution,
 
 it means to exclude goods which are exempt from execution by some general or special law, such as those which a man is entitled to retain, against all executions, for the use of his family or the practice of his trade.
 

 Judgment affirmed.
 

 *
 

 Grant
 
 v.
 
 Whitwell, 9 Iowa, 156.