# JOHN F. NEAGLE
## v.
# EDWARD M. KELLY.

*Principal and Surety—Appeal Bond—Action on—Forcible Detainer —Amount of Damages—Assumption by Tenant of Ground Rent and Taxes—Statute of Frauds.*

The fact being that the owner of a building situated upon leased ground agreed with a tenant that he should enter into possession of the building and pay the taxes and ground rent, also having an option to

purchase, and the tenant totally failed to pay the ground rent and taxes and failed to purchase the building, the tenant having been finally defeated in an action of forcible detainer, and suit brought against his bondsmen in an appeal taken in that action, this court holds, first, that the tenant's agreement to pay the taxes and ground rent was a valid agreement in consideration of the use of the building and was not within the statute of frauds, and second, that the owner of the building was entitled to recover in his action on the appeal bond the amount of the taxes and ground rent that the tenant had failed to pay, and which he had been compelled to pay to protect his title.

[Opinion filed April 9, 1892.]

In error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

The plaintiff in error, with one Simon Stafford, signed a bond given upon an appeal in an action of forcible detainer. The condition of the bond was: "Now, if the said Simon Stafford shall prosecute his appeal with effect and pay all rent now due, and that may become due, before the final termination of the suit, and all damages and loss which the said plaintiff may sustain by reason of withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff, in case the judgment from which the appeal is taken is affirmed or appeal dismissed, then this obligation to be void, otherwise to remain in effect."

The appeal was not prosecuted with effect. On the contrary, upon a further trial had, Simon Stafford was again found guilty of unlawfully withholding possession of the premises. Plaintiff in error being sued upon the bond, had judgment rendered against him for $1,000; he now insists that the damages awarded are excessive.

Upon the trial it appeared that the defendant in error (Kelly), at the solicitation of Simon Stafford, purchased for $1,000, a building situated upon a leased lot, and agreed with Stafford that the latter might go into possession thereof, paying all the rents and taxes according to the terms of the ground lease, and that when he, Stafford, paid

to Kelly the $1,000, with interest at six per cent per annum thereon, he, Kelly, should become the owner of the said building.

Stafford never paid any portion of the $1,000, and failed to pay the taxes or rent provided to be paid by the ground lease, for which Kelly was liable, and which taxes and rents, amounting to over $1,000, he, Kelly, paid.

Mr. F. P. REYNOLDS, for plaintiff in error.

Messrs. BOOTH & BOOTH, for defendant in error.

WATERMAN, P. J.   By the conditions of the bond Neagle conditionally undertook to pay all the rent that was due and that might become due, and all damages which Kelly might sustain by reason of the withholding of the premises in controversy.   By means of this bond, Stafford was enabled to retain possession of the premises and to keep Kelly from taking the same ; the purpose of Neagle in giving the bond was that this might be done.   The title of Kelly to these premises depended upon the fulfillment of the conditions of the ground lease, the payment of the taxes and rent therein provided to be paid.   Stafford's interest required that these should be paid, not only because he had agreed to pay them, but because his opportunity to purchase the building depended upon the maintenance of the title held by Kelly.

Stafford having agreed to pay the taxes and ground rent, it is immaterial that he was not to pay these to Kelly. A payment to whomever they were due would have inured to Kelly's benefit as much as if paid to him and would have been a fulfillment of the agreement.   The rent reserved by the ground lease was the taxes and the sum of $43.75 a month; it was for non-payment of this rent that the judgment in the action of forcible detainer was rendered, and this is the rent mentioned in the condition of the bond.

The statute of frauds set up for the first time in this court has no application to the facts of this case.   Stafford's agreement was not collateral to any agreement by Kelly to pay this rent.   Stafford, as a part of the original transac-

tion, for a consideration and benefit moving to him, agreed to pay this rent and thereby obtained possession of these premises.   A promise made under such circumstances is not within the statute of frauds.   Wilson v. Bevans, 58 Ill. 232; Meyer v. Hartman, 72 Ill. 442; Clifford v. Luhring, 69 Ill. 401; Borchsenius v. Canutson, 100 Ill. 82; Graham v. Mason, 17 Ill. App. 399; Emerson v. Slater, 22 How. 43; Curtis v. Brown, 5 Cush. 491.   The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*