JOHN F. NEAGLE

*v.*

EDWARD M. KELLY.

*Filed at Ottawa May 9, 1893.*

1. STATUTE OF FRAUDS—*promise to pay debt of another—contract, whether collateral.* The holder of a lease, who was liable to his lessor for the payment of a ground rent, put a third person in possession of the premises under his agreement to pay such ground rent: *Held,* that such agreement by the latter to pay the rent owing by his lessor was not collateral to any agreement made by the first lessee, but was an original undertaking, and did not fall within the Statute of Frauds.

2. SAME—*waived if not pleaded in time.* Unless the Statute of Frauds is pleaded or relied upon in the trial court it can not be availed of as a defense on appeal or writ of error, but will be held as waived.

3. LANDLORD AND TENANT—*when rent includes the payment of taxes.* Where a party leases land under a lease or agreement, by which he is

to pay to the lessor a monthly rental in cash and also to pay all taxes on the property, the taxes so agreed to be paid will constitute a part of the rent, and may be recovered as such in a suit upon the lessee's bond given to secure the rent due and to become due.

4. APPEAL BOND—*condition of bond as to payment of rent, construed.* Under the condition in an appeal bond, given on appeal in an action of forcible detainer, that the appellant should pay the appellee "all rent now due and that may become due before the final determination of the suit," the obligee may recover for the taxes, when the rent agreed to be paid includes the taxes.

WRIT OF ERROR to the Appellate Court for the First District; —heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

This was an action brought by Edward M. Kelly, against John F. Neagle, on an appeal bond executed upon an appeal from a justice of the peace to the circuit court, in an action of forcible detainer. The bond upon which the action was brought was as follows:

"Know all men by these presents, that we, Simon Stafford and John F. Neagle, are held and firmly bound unto Edward Kelly, in the penal sum of $1000, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs and administrators, jointly and severally and firmly by these presents.

"Witness our hands and seals this 26th day of November, 1890.

"The condition of the above obligation is such, that whereas, the said Edward Kelly did, on the 30th day of July, 1890, before H. B. Brayton, J. P., of Cook county, recover a judgment against Simon Stafford for the restitution of Lot 5, S. 9 feet of L. 6, B. 4, Newberry's addition to Chicago, and the buildings thereon, situated in Chicago, in said county, and costs of suit, from which said judgment the said Simon Stafford has taken an appeal to the circuit court of Cook county, State aforesaid. Now, if the said Simon Stafford shall prosecute his appeal with effect, and pay all rent now due and

that may become due before the final termination of the suit, and all damages and loss which the said plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff, in case the judgment from which the appeal is taken is affirmed or the appeal dismissed, then this obligation to be void, otherwise to remain in effect.

SIMON STAFFORD,     (Seal.)

JOHN F. NEAGLE.     (Seal.)"

On a trial in the circuit court, before a jury, the plaintiff recovered a judgment for $1000, which was affirmed in the Appellate Court.

Mr. FRANK P. REYNOLDS, for the plaintiff in error:

The condition that the obligor "shall pay all rent now due and that may become due," etc., imposes no obligation to pay taxes.

The evidence shows that there was no lease from the obligee to the principal obligor in the bond. The obligee purchased the premises, taking the title in his name, and the principal obligor agreed to repay the money so advanced, and also to pay $43.75 per month to the Newberry estate. As between plaintiff and defendant, this sum to be paid to the Newberry estate can not be considered rent. It was a part of the consideration which Stafford was to pay for the premises. It was an agreement to pay the debt of another—to pay what Kelly or some other person had agreed to pay to the Newberry estate. There is nothing in the evidence to show Stafford ever agreed to repay Kelly this $43.75 per month in case Kelly paid it.

This verbal promise by Stafford to pay this "ground rent," as it is called, was made in 1888, to extend for a period of over three years. It was not an agreement capable of being performed within one year, and is voidable under the Statute of Frauds. If we consider it as an agreement to pay Kelly's

indebtedness, it is also voidable.   Starr & Curtis, sec. 1, chap. 59, p. 1187.

The relation of landlord and tenant at no time existed between Kelly and Stafford, and in order to enable defendant in error to recover a specific sum under the condition in this bond to pay rent, such relation must be established.   The relation of landlord and tenant subsists by virtue of a contract. The contract is called a lease or demise, and is a species of conveyance for life, for years, or at the will of one of the parties, usually containing a reservation of rent to lessor.   Taylor on Landlord and Tenant, (7th ed.) sec. 14.

Messrs. BOOTH & BOOTH, for the defendant in error:

The facts as found in the Appellate Court are as follows: Kelly purchased a building on a leased lot, and agreed with Stafford that the latter might go into possession thereof, paying all rents and taxes according to the terms of the ground lease; that Stafford failed to pay the taxes and rents provided to be paid by the ground lease, which Kelly paid, amounting to over $1000; that the taxes and ground rent constituted the rent reserved by the lease from Kelly to Stafford, and that Stafford, as a part of the original transaction, for a consideration and benefit moving to him, agreed to pay this rent, and thereby obtained possession of the premises.   These are the essential facts as found by the Appellate Court.   They can not be disputed, and must control in the disposition of this case. Rev. Stat. Practice act, sec. 89; *Bennett* v. *Connelly,* 103 Ill. 50; *Laird* v. *Warren,* 92 id. 204; *Tenney* v. *Foote,* 95 id. 99.

We cheerfully admit that a bond to pay rent does not require the payment of taxes or fire insurance, ordinarily; but in this particular instance the bond was given to secure the payment of a rent that was made up of two items, viz., ground rent and taxes, and we can conceive of a case where even life insurance premiums might constitute a part of the rent required to be paid for the possession of premises.

The Statute of Frauds, again invoked in this court, has no application. The Appellate Court has decided that the transaction between Kelly and Stafford was an original one, and not within the Statute of Frauds. This defense was not pleaded or raised in the trial court, and comes too late when urged for the first time in the Appellate Court.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

No complaint is made in the argument in regard to the ruling of the court in the admission or exclusion of evidence. The court, however, gave one instruction on behalf of the plaintiff which is claimed to be erroneous. The instruction was substantially as follows:

"The court instructs the jury, that if they believe, from the evidence, that the defendant Neagle signed the bond offered in evidence, as surety for Simon Stafford, and they further believe, from the evidence, the defendant Stafford, deceased, agreed with the plaintiff to pay the ground rent and taxes for the premises described in the bond, in consideration of being allowed to occupy the said premises, and if the jury further believe, from the evidence, that at the time of restitution, as shown by the evidence, there was any ground rent or taxes due and unpaid for the said premises, or that the plaintiff had prior thereto paid any ground rent or taxes that ought, as they believe, from the evidence, to have been paid by the defendant Stafford, then they should find for the plaintiff."

It is claimed in the argument, as the bond upon which the action was brought contained no provision in regard to the payment of taxes, the direction to the jury in regard to plaintiff's right to collect taxes is erroneous. Upon looking into the record it appears that Kelly, at the request of Simon Stafford, purchased a building located on a leased lot, and agreed with Stafford that the latter might have the possession and use of the property upon the payment of the rents and taxes as the same became due according to the terms of the

ground lease. Stafford entered into possession of the premises under this arrangement, but failed to pay the rent and taxes as agreed upon, and Kelly was obliged to pay, according to the terms of the ground lease, rent and taxes amounting to over $1000. The condition of the bond upon which the action was brought required Stafford to prosecute his appeal with effect, and pay all rent then due and that might become due before the final termination of the suit, and all damages and loss which the plaintiff might sustain by reason of withholding the premises in controversy. It is true the condition of the bond does not require Stafford to pay taxes, in terms, but it does require him to pay all rent due and that may become due, and as the taxes constituted a part of the rent which Stafford had agreed to pay, he and his sureties were liable for the taxes. The ground lease required the taxes to be paid as they matured, as a part of the rent, and so far as appears the taxes were as much a portion of the rent as the monthly sum, $43.75, required to be paid in money. For a failure to pay the rent, the taxes, and $43.75 monthly, the judgment in the action of forcible detainer was rendered, and the taxes and monthly payment of $43.75 constitute the rent named in the bond. We do not, therefore, regard the instruction erroneous.

It is also suggested in the argument that the Statute of Frauds may be availed of as a defense. Stafford obtained the possession of the premises from Kelly under an agreement to pay the rent. It was not collateral to any agreement made by Kelly, but, on the other hand, it was an original undertaking on his part, and the Statute of Frauds has no application to such an agreement. Besides, the Statute of Frauds was not pleaded or relied upon in the circuit court, and it is too late now for the first time to claim the benefit of the statute on appeal here.

We think the judgment of the Appellate Court was correct, and it will be affirmed. *Judgment affirmed.*