## VAN SLYKE v. HUNTINGTON.

(Circuit Court of Appeals, Eighth Circuit.   March 19, 1920.)

No. 5405.

1. **Bankruptcy ⚙══302(4)—Trustee in suit by him must plead and prove appointment.**

In a suit in equity, brought by complainant as trustee of an estate in bankruptcy, it is essential that he allege and prove, if denied, that he is such trustee.

2. **Bankruptcy ⚙══302(4)—Allegation of partnership of bankrupts not sustained.**

In a suit by a trustee, proof that two persons were adjudicated bankrupts at different times where neither the petitions nor decrees are in evidence, will not sustain an allegation that they were partners.

3. **Bankruptcy ⚙══165(2)—Fee retained from recovery by attorney not recoverable as preference.**

Money retained by an attorney as a fee from a fund recovered by him for his client, and on which he had a lien for his services, does not constitute a preferential payment, recoverable by the trustee on the subsequent bankruptcy of the client.

4. **Bankruptcy ⚙══314(1)—Estate not liable for debts of another fraudulently in possession of property.**

The estate of a bankrupt, who was defrauded of a stock of merchandise by another, but afterward recovered it by suit, cannot be held liable for debts contracted by such other while conducting the business in his own name.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit by Fred G. Huntington, as trustee in bankruptcy, against L. T. Van Slyke. Decree for complainant, and defendant appeals. Reversed.

L. T. Van Slyke, of Aberdeen, S. D. (R. W. Parliman, Sr., R. W. Parliman, Jr., and James C. Parliman, all of Sioux Falls, S. D., on the brief), for appellant.

A. E. Boyesen, of St. Paul, Minn., H. H. Flor, of New Ulm, Minn., and Fred G. Huntington, of Aberdeen, S. D., for appellee.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

SANBORN, Circuit Judge.   This is an appeal by L. T. Van Slyke, the defendant below, from a decree of the District Court rendered November 26, 1918, that the complainant in that court, Fred G. Huntington, as alleged trustee of Amanda Heggeseth and Egil T. Haugsjaa, copartners doing business under the name of E. T. Haugsjaa, and as individuals, recover of him $909.09 and interest thereon from October 2, 1917.   The parties will be styled complainant and defendant, as they were in the District Court.   The complainant elected to bring this case, both parties tried it as a suit in equity without objection that the complainant had an adequate remedy at law, and the defendant has brought it to this court by an appeal.   An appeal

from a final decree for the complainant in equity invokes a trial of the case de novo in the appellate court on the record there presented, and the main issue the appeal presents is: Did the complainant establish by adequate proof the alleged facts requisite to entitle him to his recovery? The pleadings and the evidence in the record brought to this court and the arguments and briefs of counsel have been read and deliberately considered, but they have failed to disclose any substantial proof of alleged facts indispensable to the maintenance of the decree below.

[1] In the first place, the complainant alleged in his complaint that in an involuntary proceeding in bankruptcy against Amanda Heggeseth and E. T. Haugsjaa, as copartners as E. T. Haugsjaa, and as individuals, they were adjudged bankrupt, that thereafter F. G. Huntington was appointed trustee in bankruptcy of the assets of said bankrupts, and that the $909.09, for which the complainant obtained his decree, was money which belonged to the bankrupts, or one of them, and which within four months before the petition in bankruptcy was filed the defendant received as an intended and actual preference over other creditors of the same class to which he belonged. The defendant denied in his answer every averment of the complaint not expressly admitted, and he did not admit, and there is no evidence or proof in the record, that the plaintiff was ever appointed or elected a trustee in bankruptcy of any of the assets of any of the alleged bankrupts, and the absence of both admission and proof of that alleged fact is fatal to the decree for the recovery of the $909.09 from the defendant. The plaintiff was entitled to no such recovery, unless he was the trustee of the assets of one or both of the bankrupts, who owned the $909.09 the defendant received.

[2] If, however, there had been substantial evidence that the complainant was appointed or elected a trustee in bankruptcy of the assets of some bankrupt, the record in this case would not sustain the decree in his favor. The plaintiff alleged that Mrs. Heggeseth and Haugsjaa were partners, and the defendant denied it. He alleged that they were bankrupts as partners and as individuals. He did not prove these allegations. There was no substantial proof of the partnership alleged, and upon the question of the adjudication the record fails to show that either of the alleged partners was such at the respective times when the claims of the alleged creditors arose. There is a recital in the record that the plaintiff offered in evidence the petition for adjudication and the filing marked thereon, an order of adjudication of E. T. Haugsjaa made pursuant to the decree dated November 1, 1916, and an order dated May 4, 1917, adjudicating Mrs. Heggeseth bankrupt; but neither of the orders nor the petition is in the record in this court, so that it cannot learn therefrom against whom the petition was filed, what its averments were, whether either of the orders adjudicated any partnership or members of a partnership bankrupt, or any other matter relative to the partnership, which possibly the petition or the order may have evidenced.

The complainant alleged that for some time prior to July 1, 1916, Amanda Heggeseth and Egil T. Haugsjaa were copartners under

the firm name of E. T. Haugsjaa, conducting a retail merchandise business, and that in the course of that business they had incurred an indebtedness to merchandise creditors for about $6,000. The defendant denied that there ever was any such partnership, or that Mrs. Heggeseth was ever indebted to any such creditors. The evidence in the record in this case conclusively established these facts. In the early part of the year 1914 Mrs. Heggeseth was Mrs. Amanda Branch, a widow who subsequently by marriage became Mrs. Heggeseth. She was a Norwegian, who could not read, write or speak the English language. Some time in 1914 before March 4th, Haugsjaa persuaded her to exchange an interest in land which she had obtained from her former husband for a stock of merchandise in Bristol, N. D. Then by fraud, and by misrepresentations. of the nature and effect of the paper he caused her to sign, he obtained from her, without any consideration, on March 4, 1914, a bill of sale to himself of an undivided one-half of her stock of goods and business, and proceeded to conduct a retail business with it under the name of the Branch Mercantile Company until September, 1914. In that month he obtained from her, without any consideration, by a like fraud and misrepresentation, a bill of sale to himself of the other half of the stock of merchandise and business. He then removed from that stock and business the name "The Branch Mercantile Company," ran the business thereafter under his own name, E. T. Haugsjaa, and under that name incurred all the claims of the alleged mercantile creditors referred to in these proceedings. This record contains no evidence that any of the creditors referred to has or had at the time of the alleged adjudications any claim for any indebtedness incurred prior to October, 1915, or that any of these alleged creditors ever gave credit for any portion of their claims in reliance upon the responsibility of Mrs. Branch, or that she ever shared in the profits or loss, or participated in the management or control, of the business which Haugsjaa ran in his own name from September, 1914, until the stock of merchandise was taken from him by the receiver appointed in the case of Branch v. Haugsjaa, in March, 1916.

The defendant Van Slyke and C. A. Sasse were and are attorneys at law in South Dakota. For Mrs. Branch, in the early part of the year 1916, with great difficulty and much labor, on account of her inability to speak, read, or write the English language, and her ignorance of her rights and acts, they searched out the facts about her loss of her property to Haugsjaa, and in March, 1916, brought a suit in the circuit court of Day county, S. D., for her against Haugsjaa to recover the stock of merchandise, to avoid the bills of sale for Haugsjaa's fraud, for the immediate appointment of a receiver of the merchandise, for its sale, and for the payment of the proceeds to Mrs. Branch. Haugsjaa appeared and answered the complaint in that suit, and contested every claim of the plaintiff. The state court appointed a receiver, who seized the stock of merchandise in March, 1916, and under the orders of that court conducted the retail business with it until July, 1916. That case was tried, and the state

court rendered a decree in favor of Mrs. Branch for the relief she prayed. It adjudged and ordered that the stock of merchandise be sold by the receiver, that the proceeds be applied to the payment of the expenses of the receivership, including the payment of the $500 to the defendant for his services as attorney for the receiver, and that the balance remaining, which that court found to be $1,409.09, be paid over by the receiver to Mrs. Branch, or to her attorneys. The facts regarding the fraud of Haugsjaa and the decree and orders of the state court are evidenced by copies of the latter, which constitute a part of the record in the case before this court. In August, 1916, pursuant to the orders of the state court, its receiver paid over the $1,409.09 to the defendant as one of the attorneys for Mrs. Branch, and he paid $500 of it to Mrs. Branch, and retained and claimed the $909.09, for the recovery of which the decree below was rendered, as compensation for the professional services and expenses of himself and Mr. Sasse, which he testified had not been paid, in bringing and maintaining the suit of Mrs. Branch against Haugsjaa, and recovering for her the stock of merchandise and its proceeds.

[3] The defendant's claim to this money is based on that compelling equity, which chancery courts have uniformly respected and enforced, of an attorney who searches out and recovers a fund for his client to be compensated for his services out of that fund, before his client or any of those claiming under him receive any of it, and also upon section 702 of the Political Code of South Dakota, which provides that—

"An attorney has a lien for a general balance of compensation in and for each case upon: (1) Any papers," etc. " *   *   * (2) Money in his hands belonging to his client in the case."

The court below failed to find or adjudge the amount of compensation to which the defendant and Mr. Sasse were entitled, but without doing so ordered the defendant to pay over to the alleged trustee the $909.09, and also ordered that the defendant might present his claim for compensation to the referee.

[4] The plaintiff contends that, if this $909.09 was the property of Mrs. Heggeseth, he is entitled to recover it as her property on the alleged adjudications of bankruptcy based on the alleged petition for adjudication which he alleges was filed on October 6, 1916, by three mercantile creditors of E. T. Haugsjaa, whose claims arose, so far as the record shows, while Haugsjaa was carrying on the mercantile business in his own name with the stock of which he had defrauded Mrs. Branch. But the creditors of Haugsjaa, after he had defrauded Mrs. Branch of the stock, were not her creditors. If A. defrauds B. of his horse, by inducing him to believe a bill of sale thereof, which B. signs, is a mere permit to use the horse, and A. then buys hay and oats on credit to feed him, and B. subsequently recovers the horse by the judgment of a court, because of the fraud of A., B. is not liable to the creditors of A., who trusted the latter for the feed of the horse; nor is Mrs. Heggeseth liable to these mercantile

creditors of Haugsjaa for the claims for which they gave him credit while he was conducting a retail business by the use of the stock of which he had defrauded Mrs. Heggeseth.

Moreover, the equity of Mrs. Branch in this stock of merchandise, and of Van Slyke and Sasse, her attorneys in bringing the suit, in that stock and in the proceeds thereof for their compensation for services in recovering it, arose and vested in them in March, 1916, more than five months before the alleged filing of the petition in bankruptcy, when they commenced the suit for her in the state court, secured the appointment of the receiver in that court, and through him took possession of the stock of goods, and those equities, thus initiated, are far superior to those of any of the mercantile creditors of E. T. Haugsjaa while he was conducting his business after he had defrauded Mrs. Branch of her property.

And here, also, is the answer to the contention of the plaintiff that the payment of the $909.09 to the defendant within four months of the alleged filing of the petition in bankruptcy constituted, was intended to constitute, or effected a preference of the defendant over other creditors of the same class. These mercantile creditors of Haugsjaa, as we have seen, were not creditors of Mrs. Heggeseth, and, if they had been, they could not have been of the same class as were Van Slyke and Sasse, because the latter would have had, as they did have, their existing equitable right ever after they brought Mrs. Branch's suit in March, 1916, to receive compensation for their professional services in bringing and maintaining that suit out of the amount which they should recover therein before either Mrs. Branch or any of her creditors were entitled to share therein. Their equity arose when the suit was commenced and the possession of the property taken by the receiver more than four months before the alleged petition was filed, and it continued superior to that of Mrs. Branch or any of her creditors until the proceeds of that suit were realized, and will continue until that compensation is adjudged paid out of the fund their services earned. There was no evidence in this case of any intent on the part of Mrs. Branch or the defendant Van Slyke to hinder, delay, or defraud any creditors of any one. The money was the just equitable proceeds of a suit in equity received by the defendant in the discharge of his duty as the attorney for his client from a receiver of the state court, which had jurisdiction of the case and of the parties, and under the evidence in this case his equity is superior to that of any other parties in or represented in the suit in hand.

The claim of the defendant that the court below had no jurisdiction of this suit under sections 60b, 67e, or 70e of the Bankruptcy Law of 1898, 30 Stat. 562, as amended by the Act of February 5, 1903, 32 Stat. 799, and by the Act of June 25, 1910, 36 Stat. 842, 9 U. S. Comp. Stat. 1916, pp. 11538, 11539, 11638, 11720, §§ 9644, 9651, 9654, because the defendant did not consent to the suit in the court below, has not been discussed, because before the defendant raised that objection he had applied to that court for and had obtained an order granting him permission to file and had filed his answer out

of time, and had made and submitted to that court other motions whereby he had estopped himself from denying that he had thereby consented to the prosecution of this suit in that court.

Let the decree below be reversed, and let the case be remanded to the court below; with directions to dismiss the complaint.