## BRITTON v. WESTERN IOWA CO.
(two cases.)

### In re HICKS–FULLER CO.

(Circuit Court of Appeals, Eighth Circuit.
November 28, 1925.)

Nos. 267, 6867.

**1. Bankruptcy ⊚⇒440—In absence of disputed question of fact, appeal from order in bankruptcy proceeding, involving purely question of law, will be dismissed.**

In absence of disputed question of fact, appeal from order in bankruptcy proceeding, involving purely question of law, will be dismissed.

**2. Bankruptcy ⊚⇒318(4)—Claim for rent accruing after filing bankruptcy petition, except during occupancy by receiver or trustees, is not "provable debt."**

Claim for rent accruing after filing bankruptcy petition, except during occupancy by receiver or trustee, is not a "provable debt," within Bankruptcy Act, § 63 (Comp. St. § 9647), because not fixed at time of filing petition, nor capable of liquidation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Provable Debt.]

**3. Liens ⊚⇒1—"Lien" defined.**

A "lien" is a right of property, and not mere matter of procedure.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Lien.]

**4. Bankruptcy ⊚⇒188(1)—Lien not invalidated by Bankruptcy Act remains valid.**

Under Bankruptcy Act, § 67d (Comp. St. § 9651), lien not invalidated by act remains valid, and is not affected by bankruptcy proceeding, nor destroyed because not provable under section 63 (Comp. St. § 9647).

**5. Bankruptcy ⊚⇒191(1)—Landlord's statutory lien on stock of merchandise held not affected by bankruptcy proceedings.**

Under Bankruptcy Act, § 67d (Comp. St. § 9651), landlord's lien for rent on stock of merchandise, given by Comp. Code Iowa 1919, § 6502, for period after filing of bankruptcy petition, is not affected by bankruptcy proceedings.

**6. Bankruptcy ⊚⇒205—Interest of Bankruptcy Act in property subject to lien stated.**

Interest of Bankruptcy Act (Comp. St. §§ 9585–9656) in property subject to lien is to secure for general creditors any value above lien, and to reduce claim of lien claimant by value of lien, and fact that secured debt is not provable debt does not affect trustee's right or duty to realize on equity for benefit of general creditors.

**7. Bankruptcy ⊚⇒210—Court has jurisdiction to dispose of lien claim, where bankruptcy trustee is in possession, or lienor voluntarily submits to its jurisdiction.**

Under Bankruptcy Act, § 67d (Comp. St. § 9651), bankruptcy court has jurisdiction to dispose of lien claim, where bankruptcy trustee is in possession of property subject to lien, or lienor voluntarily submits his rights to bankruptcy court.

**8. Bankruptcy ⊚⇒215—Court held to have jurisdiction to enforce landlord's statutory lien on stock of merchandise against proceeds in bankruptcy trustee's possession.**

Where bankrupt's stock of merchandise was sold by receiver, and proceeds turned over to trustee, bankruptcy court had jurisdiction to enforce against proceeds landlord's lien, given by Comp. Code Iowa 1919, § 6502, in view of Bankruptcy Act, § 67d (Comp. St. § 9651), regardless of whether debt was provable under section 63 (Comp. St. § 9647).

**9. Bankruptcy ⊚⇒442—Contention not presented before referee nor in lower court, and not assigned as error, will not be considered by Circuit Court of Appeals.**

Contention, not presented before referee nor in lower court, and not assigned as error, will not be considered by Circuit Court of Appeals on petition to revise order in bankruptcy proceedings.

**10. Landlord and tenant ⊚⇒245—Taxes held part of rent protected by landlord's lien, under lease requiring tenant to pay taxes.**

Under lease requiring tenant to pay taxes as additional consideration for leasing premises, taxes were part of rent protected by landlord's lien for rent, under Comp. Code Iowa 1919, § 6502.

**11. Bankruptcy ⊚⇒215—Landlord held entitled to interest from dates when rental payments and taxes became due.**

Landlord, in enforcing lien, was entitled to legal interest from dates when respective rental payments and taxes payable by bankrupt lessee became due, and not from date when bankruptcy petition was filed.

Appeal from and Petition to Revise Order of the District Court of the United States for the Northern District of Iowa; James D. Elliott, Judge.

In the matter of the Hicks-Fuller Company, bankrupt. C. Walter Britton, bankruptcy trustee, appeals from and petitions to revise an order of the District Court, reversing the determination of a referee in bankruptcy, disallowing a claim of the Western Iowa Company. Appeal dismissed, and order affirmed.

William Milchrist, of Sioux City, Iowa (B. W. Rosenstone, of Chicago, Ill., on the brief), for appellant and petitioner.

Charles M. Stilwill, of Sioux City, Iowa (Deloss C. Shull, of Sioux City, Iowa, and John B. Sullivan, of Des Moines, Iowa, on the brief), for appellee and respondent.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. [1] This matter comes here by an appeal from, and also by a petition to revise, an order reversing the determination of a referee in bankruptcy. There is no disputed question of fact and the controversy here is purely concerning questions of law. Therefore, the appeal will be dismissed and the case considered upon the petition to revise. Coder v. Arts, 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; In re Lee, 182 F. 579, 105 C. C. A. 117 (8th Cir.).

The bankrupt, Hicks-Fuller Company, was engaged in the wholesale dry goods business in Sioux City, Iowa, up to the filing of a petition in bankruptcy on December 17, 1921. On December 19, 1921, the order of adjudication was entered and a receiver appointed who took possession and acted until replaced by the trustee on January 16, 1922. This business was located in a large six-story building leased from respondent for a term of five years beginning November 1, 1920. The receiver disposed of a large stock of merchandise found in this building. The receiver and the trustee occupied and used this building until the trustee disclaimed the lease and surrendered the property to petitioner as of February 1, 1922. Rent had been fully paid by the bankrupt up to November 30, 1921. The receiver and the trustee paid the rent from December 18, 1921, to January 31, 1922. This rent was paid and accepted and the premises surrendered in accordance with stipulations which preserved the legal rights of the parties. On October 6, 1922, the respondent filed a "claim" setting up an indebtedness and claiming a lien therefor on the proceeds of the sales of the merchandise which had been located in the above building. This claim was made up of three items: (1) rental from December 1, 1921, to December 17, 1921; (2) balance of rental from December 17, 1921, to June 17, 1922, and (3) taxes for first half of the year 1922. By order of the referee, the first item was paid and drops out of the case. Of the second item, that part of the rental (December 18, 1921, to January 31, 1922) accruing during the occupancy of the building by the receiver and the trustee had been paid and credited in the above claim. Therefore, the controversy, below and here, is over the rental from February 1, 1922 (when possession was surrendered) to June 17, 1922, and over the taxes for the first half of the year 1922. The basis of this claim is that the statutes of Iowa give a landlord's lien on the above stock of merchandise for the rent due for six months after the filing of the petition in bankruptcy.

It is contended that the taxes, for the same period, are, under the terms of the lease, a part of the rent. As the merchandise was sold by the receiver without consent of the petitioner and as much more than enough of such proceeds remain in the trustee's possession to satisfy this claim, the lien is sought against such proceeds. Both parties treat the proceeds as standing in place of the merchandise for the purposes of this controversy.

The state statute (Compiled Code of Iowa 1919, § 6502) authorizing the lien is as follows:

"A landlord shall have a lien for his rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and not exempt from execution, for the period of one year after a year's rent, or the rent of a shorter period, falls due; but such lien shall not in any case continue more than six months after the expiration of the term. In the event that a stock of goods or merchandise, or a part thereof, subject to a landlord's lien, shall be sold under judicial process, order of court, or by an assignee under a general assignment for benefit of creditors, the lien of the landlord shall not be enforceable against said stock or portion thereof, except for rent due for the term already expired, and for rent to be paid for the use of demised premises for a period not exceeding six months after date of sale, any agreement of the parties to the contrary notwithstanding."

The construction of this statute is not in question nor that it is ample to establish a landlord's lien on merchandise such as this. [2-5] I. The position of the trustee is that such a lien is in aid of, subordinate to and must be supported by a debt provable in bankruptcy, and that a claim for rent accruing subsequent to the filing of the petition in bankruptcy is not a debt provable in bankruptcy under section 63 of the Bankruptcy Act (Comp. St. § 9647). The position of the landlord is that such a lien is governed and preserved by section 67d of the act (Comp. St. § 9651) and is not controlled by section 63.

Under the decisions of this circuit, a claim for rent accruing subsequent to the filing of the petition in bankruptcy (except for any period during which the rental property is occupied by the receiver or trustee in bankruptcy) is not a provable debt within the

meaning of section 63 of the act because not fixed at the time the petition in bankruptcy was filed nor capable of liquidation. Watson v. Merrill, 136 F. 359, 69 C. C. A. 185, 69 L. R. A. 719. Also see In re Roth & Appel, 181 F. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270 (2d Cir.); Colman v. Withoft, 195 F. 250, 115 C. C. A. 222 (9th Cir.); Ellis v. Rafferty, 199 F. 80; Atkins v. Wilcox, 105 F. 595, 44 C. C. A. 626, 53 L. R. A. 118 (5th Cir.); Collier on Bankruptcy (13th Ed.) p. 1422 et seq. Therefore, the issue is whether a lien to secure a debt not provable under section 63 may be established and enforced in a court of bankruptcy against property of a bankrupt.

"A lien is a right of property, and not a mere matter of procedure." The Lottawanna, 21 Wall. 558, 579, 22 L. Ed. 654. Section 67d of the act (Comp. St. § 9651) is that "Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration * * * shall, to the extent of such present consideration only, not be affected by this act." Concerning this section of the act and in connection with a landlord's lien, the Supreme Court in City of Richmond v. Bird, 249 U. S. 174, 177, 39 S. Ct. 186, 187 (63 L. Ed. 543) said: "Section 67d, Bankruptcy Act, quoted supra, declares that liens given or accepted in good faith and not in contemplation of or in fraud upon this act, shall not be affected by it. Other provisions must, of course, be construed in view of this positive one." And liens not invalidated by the act remain valid. Liberty National Bank v. Bear, 265 U. S. 365, 369, 44 S. Ct. 499, 68 L. Ed. 1057; Chicago Board of Trade v. Johnson, 264 U. S. 11, 15, 44 S. Ct. 232, 68 L. Ed. 533.

A landlord's lien exists from the time of the lease (Henderson v. Mayer, 225 U. S. 631, 639, 32 S. Ct. 699, 56 L. Ed. 1233; Morgan v. Campbell, 22 Wall. 381, 390, 22 L. Ed. 796; Fowler v. Rapley, 15 Wall. 328, 335, 21 L. Ed. 35) and against chattels on the property from the time they are brought thereon (Fowler v. Rapley, 15 Wall. 328, 335, 21 L. Ed. 35; Webb v. Marshall, 13 Wall. 14, 15, 20 L. Ed. 478. The lien here is within the definition of section 67d, above quoted, and the chattels (now represented by proceeds) against which its enforcement is sought were on the property and subject to such lien at the time the petition in bankruptcy was filed and the adjudication took place. The validity or existence of the lien was not affected by the bankruptcy proceeding, for, as said by this court in Watson v. Merrill, 136 F. 359, 363, 69 C. C. A. 185, 189 (69 L. R. A. 719) "throughout the entire field of contractual obligations the adjudication in bankruptcy absolves from no agreement, terminates no contract, and discharges no liability." Nor is the lien destroyed by the fact that the debt is not provable in bankruptcy. Such a debt is not affected by bankruptcy, for if a debt is not provable, it is a necessary corollary that the bankruptcy does not discharge therefrom. Central Trust Co. v. Auditorium, 240 U. S. 581, 591, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580. Therefore, the question here is not whether the lien is destroyed by the bankruptcy proceeding, for it certainly is not; but whether it can be enforced in such proceeding when the debt it secures is of a nature not provable therein.

[6, 7] The interest of the Bankruptcy Act in property to which a lien is attached is twofold: First, to secure for the general creditors any value in the property over that required to satisfy the lien—to realize on the equity; second, to reduce the amount of a lien claimant to the general assets by the value of the lien. If the debt secured by the lien is not "provable," the second consideration is not present. However, the fact that a secured debt may, because of its nature, have no right to share in the general assets, does not affect the interest, right or duty of the trustee to realize upon the equity for the benefit of the general creditors. Such equity is a part of the property subject to payment of general creditors whose claims will be barred by the discharge of the bankrupt, hence it is the duty of the trustee to secure and so apply any such equity. How and in what tribunal may this be done? Where the trustee is in possession of the property (Murphy v. Hofman Co., 211 U. S. 562, 569, 570, 29 S. Ct. 154, 53 L. Ed. 327; Whitney v. Wenman, 198 U. S. 539, 552, 25 S. Ct. 778, 49 L. Ed. 1157; First Savings Bank & Trust Co. v. Butler [8th Cir.] 282 F. 866; Galbraith v. Robson-Hilliard Grocery Co. [8th Cir.] 216 F. 842, 133 C. C. A. 46; In re Dana [8th Cir.] 167 F. 529, 93 C. C. A. 238), or where the one holding the lien voluntarily submits his rights to the court of bankruptcy (Van Slyke v. Huntington [8th Cir.] 265 F. 86, 90; Wells & Co. v. Sharp [8th Cir.] 208 F. 393, 396, 125 C. C. A. 609; Chauncey v. Dyke Bros. [8th Cir.] 119 F. 1, 55 C. C. A. 579), that tribunal has jurisdiction to determine the validity and extent of the lien, to dispose of the property, to satisfy the lien

debt and to apply the balance to payment of general creditors.

[8] Here the bankrupt was in possession of the property covered by the lien when the petition in bankruptcy was filed; the receiver had succeeded to that possession and had sold the property; the proceeds had been handed over to the trustee and remained in his exclusive possession; such proceeds made certain that there was a valuable equity much in excess of any possible need for satisfaction of the lien debt; the lien debtor had voluntarily submitted to the jurisdiction by filing a claim for satisfaction of the lien debt from such proceeds, which stood in place of the property. Thus, both because of the possession in the trustee and of the voluntary submission of the lien debtor to the jurisdiction of the bankruptcy court, that court had jurisdiction, and alone had jurisdiction, to determine the validity of this lien, to satisfy it, if valid, and to apply the balance to the payment of general creditors.

The remedy sought by this debtor was not to have its claim "allowed," in the sense of a claim against the general assets, but to have its lien recognized and enforced against the legal substitute for the specific property to which its lien attached. Its "claim" is much in the form of that of a general creditor, but this was evidently caused by the fact that the receiver had converted the property into cash which was held by the trustee, and the relief it prays is not allowance as a general claim or, as a secured claim, for a balance against the general assets; but it sets forth the conversion of the property, upon which it claims a lien, into money and asks that its debt "be paid and satisfied out of such moneys so in the hands of said trustee." At the time it filed its "claim" the exact amount of the indebtedness was definitely ascertainable. The property had not been sold subject to the lien but free therefrom and the proceeds stood in place of the property and subject to the lien. It was the duty of the bankruptcy court to determine the validity and amount of this debt, to satisfy it from the proceeds of the lien property and thus make the balance of such proceeds subject to distribution among general creditors.

[9] II. It is contended, also, that the lien was lost through failure to file the claim within six months from the termination of the lease, as required by the state statute, or within three months, as required by the Bankruptcy Act. This contention was not presented before the referee or in the lower court and does not appear in the assignments of error. Therefore, we do not pass thereon.

[10] III. As a part of the rent and, therefore, as included within the protection of the landlord's lien for rent, the court included certain general taxes. This action of the court is challenged. If such taxes were a part of the rental such inclusion was proper, otherwise, not. Whether they were so included depends upon the contract between the parties. McCann v. Evans (3d Cir.) 185 F. 93, 107 C. C. A. 313. That contract is the lease. The lease provides for the payment by the lessee of such taxes "as an additional consideration for the leasing of said premises." We think this language reveals an intention of the parties to treat such taxes as a part of the rental for the property. McCann v. Evans (3d Cir.) 185 F. 93, 107 C. C. A. 313; Neagle v. Kelly, 44 Ill. App. 234; Id., 146 Ill. 460, 34 N. E. 947; Perrin & Smith Printing Co. v. Cook Hotel & Excursion Co., 118 Mo. App. 44, 93 S. W. 337.

[11] IV. In estimating the amount due, the court inadvertently omitted a payment of $1,008.00 made by the trustee. Respondent does not contest this credit.

Interest was allowed upon the amount found due from December 17, 1921, the date when the petition in bankruptcy was filed. Respondent seemingly concedes that interest should not begin at that date. We think the interest, at the state legal rate of 6 per centum, should be allowed from the dates when the respective monthly rental payments and when the taxes became due.

With the above modifications as to amount and as to interest, the order of the trial court is affirmed.