## MILES CORPORATION v. LINDEL.

## In re GLOBE DEPARTMENT STORE.
### No. 11543.

Circuit Court of Appeals, Eighth Circuit.
Nov. 28, 1939.

Joseph I. Brody, of Des Moines, Iowa (George E. Brammer, Clyde B. Charlton, Louis A. Parker, and Thomas B. Roberts, all of Des Moines, Iowa, on the brief), for appellant.

Haemer Wheatcraft, of Des Moines, Iowa (J. Rudolph Hansen, of Des Moines, Iowa, on the brief), for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

This case and its companion, Ginsberg et al. v. Lindel, Trustee, 8 Cir., 107 F.2d 721, were submitted together. Both are appeals from orders in the same bankruptcy proceeding denying claims for priority for rent under leases on adjoining lots in the City of Des Moines, Iowa. The bankrupt tenant was lessee in each case.

The primary question presented on this appeal, as stated by counsel for appellant,

is whether certain taxes and assessments in the amount of $2,688.65 assessed and levied against demised premises, and under the terms of its lease made payable by the bankrupt tenant, constituted rent protected by the statutory landlord's lien so as to entitle a claim therefor to priority under the bankruptcy act.

The referee denied priority and upon petition for review the court sustained the order of the referee, and the lessor appeals.

The bankrupt tenant, Globe Department Store, occupied the leased premises during the year 1938 in the City of Des Moines, Iowa. It filed a voluntary petition and was adjudicated a bankrupt on November 22d of that year. In 1935 the bankrupt as tenant assumed and obligated itself to pay all sums to be paid by the lessee under a long-time lease dated in 1919. The appellant is the assignee of the lessor.

The lease as amended provided in section 3:

"Rental Reserved. The Lessees covenant and agree to pay the Lessors as rental for said premises * * * $3600 per year."

Section 5 provided:

"The Lessees covenant and agree to pay as additional rental for said premises, all taxes, special assessments * * * which may be taxed * * * upon said premises * * * during the term of this lease."

Section 6 provided:

"The Lessees further covenant and agree that they will forever protect, indemnify and save harmless the Lessors * * * from * * * all liability or loss * * * on account of acts or omissions of the Lessees; the intent, spirit and purpose of this lease being to obligate the Lessees in consideration of the rental, as fixed and provided in this lease, to assume all liabilities of every kind and character whatsoever in connection with said premises so that the Lessors shall be paid and shall receive said rental without any diminution or abatement whatsoever; * * *."

Section 12 provided:

"Lessors shall have the right, at their option, to pay at any time while this lease is in force, any and all taxes, assessments * * * for which the Lessees are liable * * * whenever delinquent, and any and all sums so paid by the Lessors shall be treated as so much rent due the Lessors from the Lessees secured by the lien of this lease, and shall be payable to the Lessors at the next rent day, with interest * * *."

Section 16 provided:

"It is further covenanted and agreed by the Lessees that the Lessors in addition to the lien provided by law shall have a lien for the rent reserved in this lease, and for all taxes and assessments paid by them under the provisions of this lease * * *."

Section 19 provided:

"It is the intent and purpose of the parties hereto, and this lease shall at all times be so interpreted and construed, that the rents reserved hereunder shall be and constitute a net remuneration to the Lessors for the use of the ground and premises covered by this lease, during the term of this lease, and that the Lessors shall be to no further expense on account thereof or in connection therewith during the term of this lease."

Under the Iowa statutes (Code of Iowa of 1935, sections 10261, 10262, 10263) a lien for the period of one year is given to secure the payment of "rent". To be entitled to priority the amount claimed must come within that definition. The statute does not define the term, and no decision of the Supreme Court of Iowa expressly defining its limits has been called to our attention. However, a clear concept of that court's view is found in the case of Straight Bros. Co. v. Chicago, M. & St. P. Ry. Co., 183 Iowa 934, 167 N.W. 705, 708, 709, where it is declared that rental value is the value of the use of land for the term of the lease. To the same effect: Alexander v. Bishop, 59 Iowa 572, 579, 13 N.W. 714; Leick v. Tritz, 94 Iowa 322, 62 N.W. 855. The appellant's definition, supported by authorities, that "Money payable to lessor by lessee for the use and occupancy of the premises is rent", is not disputed by appellee. This is in harmony with the language of section 64, sub. a of the Chandler Act of June 22, 1938, 52 Stat. c. 575, 840, 874, 11 U.S.C.A. § 104, sub. a, amending the Bankruptcy Act of 1898. Section 64, sub. a of the amended act provides that "priority for rent to a landlord shall be restricted to the rent which is legally due and owing for the actual use and occupancy of the premises affected, and which accrued within three months before the date of bankruptcy."

Whether the obligation of the tenant to pay taxes and assessments against the demised premises is included as a part

of the rent reserved, and as a result protected by the landlord's statutory lien for rent, depends upon the proper construction of the contract between the parties. Britton v. Western Iowa Co., 8 Cir., 9 F.2d 488, 491, 45 A.L.R. 711; Lamoine Mott Estate v. Neiman, 8 Cir., 77 F.2d 744, 747, 99 A.L.R. 1097; McCann v. Evans, 3 Cir., 185 F. 93, 95. The lease is the contract. In construing the lease the court must be guided by the intention of the parties as expressed therein.

Reading sections 3 and 19 of the lease together the parties have agreed that the rent reserved of $3600 a year, or $300 a month, "shall be and constitute a net remuneration to the Lessors for the use of the ground and premises covered by this lease."

By section 6 "The Lessees covenant and agree to pay as additional rental for said premises, all taxes, special assessments," etc.

■ At this point it is clear that the parties intended that the term "rent" as used in the lease should be flexible; that the lessor, with the consent of the lessee, desired to be assured that he would receive the net rental reserved in section 3 of the lease "without any diminution or abatement whatever", and that the gross or entire rental to be paid by the lessee should include the taxes and special assessments. The language of the lease shows that the parties thought of the money to be paid for the use and occupancy of the premises as consisting of two parts, which the scrivener, perhaps inaccurately, at least without careful discrimination, denominates "rental reserved", as in sections 3, 16, and 19, and "additional rental", as in section 5. It is apparent in every instance, however, that each of these terms is intended to refer to a part only of the total amount to be paid to the lessor, or for his benefit, by the lessee as compensation for the use of the demised premises. The word "rent" as used in the Iowa statute, supra, and in the bankruptcy act means the whole amount paid, or agreed to be paid, by the tenant to the landlord for the use of the premises; and the whole of the rent includes all of its parts, whether called "rental reserved" or "additional rent" in the lease.

■ In Britton v. Western Iowa Co., supra [9 F.2d 491, 45 A.L.R. 711], the lease provided that the lessee should pay taxes "as an additional consideration for the leasing of said premises", and this court held that "this language reveals an intention of the parties to treat such taxes as a part of the rental for the property." In McCann v. Evans, supra [185 F. 95], the lease provided for the payment of an annual rental of $8,500, "and for the further rent of all sum or sums which shall be legally assessed upon * * * the premises during the term for taxes"; and the court found: "in the terms of the lease above quoted a clearly expressed intention to reserve the taxes assessed on the demised property as part of the rent thereof, in addition to the annual sum of $8,500, reserved as rent." In the Britton case, supra, this court was considering an Iowa lease. In the McCann case, supra, the third Circuit Court of Appeals was considering a Pennsylvania lease. Both courts reached the conclusion, based on language but little different from that under consideration in this case, that the taxes were included as a part of the rent reserved, and that the claim therefor was entitled to priority in bankruptcy. We think the same conclusion must be reached in the present case.

The appellee relies upon the decision of this court in Lamoine Mott Estate v. Neiman, supra. An Iowa lease was considered in that case, also, and the same issue was presented for determination that we are now considering. In that case the lease provided that "The lessee shall in all instances, in addition to said stipulated rental, pay all taxes * * * assessed against or levied upon said real estate * * * during the term of this lease." [77 F.2d 745, 99 A.L.R. 1097.] We there distinguished the foregoing provision from the provision quoted above in the Britton case. We pointed out that the covenant to pay taxes "in addition to [the] stipulated rental" is "wholly inconsistent with the view that taxes were included generally within the term rent." That distinction does not apply here. In this case the covenant is to pay taxes as "additional rental", not "in addition to the stipulated rental," showing clearly, when considered in connection with the other provisions of the lease, supra, that the taxes were to be included as a part of the total rentals to be paid by the lessee.

■ In Iowa general taxes are payable in two installments in each year, April 1, and October 1. The general taxes the priority for which is in dispute consisted of $1,329.-93 payable April 1, 1938, and $1,329.91 payable October 1, 1938. The special assessment of $28.81 was payable April 1, 1938.

Since we hold these sums are included in rent under the lease, the payment due October 1, 1938, falls within the three month period provided in the Chandler Act, supra, and its right to priority can not be disputed, the petition in bankruptcy having been filed November 22, 1938. The parties do not agree, however, in regard to the right of priority of the payments due April 1, 1938. While these payments accrued within the period of one year before bankruptcy, and a lien therefor attached under the Iowa law, the appellee insists that the three-month rule in the Chandler Act must be applied.

This issue was considered by us in Ginsberg et al. v. Lindel, Trustee, 107 F.2d 721, decided at this term, and our decision there is controlling here. Our conclusion in that case was that the lien having vested in the lessor prior to the effective date of the Chandler Act, September 22, 1938, it was governed by the law then in effect, because the Chandler Act should not be construed to take effect retrospectively in such a case.

■■ The referee allowed and the court approved a prior claim for rent in the amount of $1,405.40 including interest to the date of bankruptcy. The appellant complains because interest was not allowed until date of payment. Appellant did not specifically demand interest until date of payment on accrued rentals in its proofs; but it claims a right to interest based upon its proof and the law. In support of this proposition it relies upon the decisions of this court in Coder v. Arts, 8 Cir., 152 F. 943, 15 L.R.A.,N.S., 372, and Mortgage Loan Co. v. Livingston, 8 Cir., 45 F.2d 28, 34. In those cases the court was considering the right of a mortgagee to interest to be paid out of the security. In the latter case the court, quoting from the opinion in the Arts case, said: "The property 'was mortgaged for the payment of the interest as much as for the payment of the principal.'" It does not appear whether interest was demanded in the proofs or not.

The security in the present case is given by a statutory landlord's lien, not a mortgage. There is no note here providing for payment of interest, but the lease provides for interest on past due rent at the rate of 8% per annum. If, therefore, the fund from which the rentals must be paid is sufficient the lessor is entitled to interest, unless failure specifically to demand interest in the proof is a bar. The proof showed that appellant demanded the rentals "and such additional sum as it may be entitled to." This is sufficient, we think, to entitle it to payment of interest, provided the fund is sufficient to pay the principal and interest both. Claims in bankruptcy must be liberally construed. They "need not be pleaded with the technical accuracy required in a common-law declaration." In re International Match Corporation, 2 Cir., 69 F.2d 73, 74; In re S. W. Straus & Co., 2 Cir., 67 F.2d 605.

The order of the court should be modified in accordance with this opinion, establishing the priority of appellant's claim for $2,688.55 with interest and allowing interest on the claim for $1,405.40 to the extent that there are available funds with which to pay it.

It is so ordered.