Chicago Housing Authority, Appellant, v. Sidney Bild, Appellee.

Gen. No. 45,712.

Opinion filed March 18, 1952. Released for publication April 1, 1952.

EDWARD J. FRUCHTMAN, and WILLIAM T. MARTIN, JR., both of Chicago, for appellant.

IRVING G. STEINBERG, and HAROLD SILVERN, both of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from a judgment for defendant entered on plaintiff's motion for summary judgment in an action of forcible detainer for possession of the three-room apartment No. 607, 2901 S. Federal street, Chicago.

The affidavits filed by plaintiff in support of its motion for summary judgment show that defendant first leased apartment 607 under a lease executed August 4, 1950. The lease contained the following provisions:

"The rental for the term of this lease, until subsequently revised, shall be $37.80, . . . payable monthly in advance on the first day of each calendar month at said Management Office, together with all charges for excessive use of utilities and other charges incurred by the Tenant as hereinafter provided for, which charges shall be considered as so much additional rent, and shall be due and payable on the first of the month following which the same accrue or are incurred.

"The Tenants Handbook, receipt of which is hereby acknowledged, setting forth rules and regulations of occupancy of the premises herein leased, and of the housing development of which said premises are a part, constitutes a part of this lease and the provisions therein are as binding upon the Tenant as if the same were specifically included herein as conditions of the lease.

"The monthly rental, as hereinbefore fixed, includes heat, hot water, gas for cooking in reasonable amounts and at such times as customarily furnished, and electricity in accordance with schedule established in the Tenants Handbook."

By endorsement on the lease the rental rate was reduced to $36 per month "Because of a change in the

Tenant's Income." The Tenants Handbook referred to in the lease allows under "Schedule of Kilowatt Hours of Electricity for Which There is No Extra Charge," kilowatt hours for a 3-room dwelling for the months involved herein: January 60, February 50, March 50, April 45. The Handbook further provides, "If electricity in excess of the amounts shown in the above schedule is used, a charge will be made for such excess in addition to the amount of the monthly rent at the following rates (followed by schedule of rates)." The affidavits further show that the meter for apartment 607 registered, on January 15, 1951, 671 kilowatt hours, and on April 9, 1951, 905 kilowatt hours. On May 16, 1951 defendant was advised by postcard mailed to him that he was being charged $1.85 for 74 kilowatt hours of electricity in excess of his allowance. A 5-day notice dated June 7, 1951 was served on defendant demanding that he pay $37.85 within five days after service of notice or vacate the premises. This notice was served June 8, 1951. Suit was instituted June 27, 1951. Payment of the amount demanded was not made or tendered. In opposition to plaintiff's motion for summary judgment, defendant filed an affidavit stating that he executed the lease agreement August 4, 1950, as alleged by plaintiff; that the only bill for excess use of electricity given him was the bill presented for the period from January 15th to April 9, 1951; that on June 9, 1951 he made a tender of $36 as rental, which sum was refused. No question of fact is raised by the affidavits filed on the motion for summary judgment. Defendant admits receiving the bill for excess use of electricity between January 15, 1951 and April 9, 1951. He does not question the accuracy of the charge.

██ The sole question presented on this appeal is whether the charge for excess use of electricity is rent within the meaning of statutes relating to landlord and tenant and forcible entry and detainer. Plain-

tiff's action is based on notice pursuant to section 8 of the Landlord and Tenant Act [Ill. Rev. Stat. 1951, chap. 80, par. 8; Jones Ill. Stats. Ann. 72.08] which authorizes the landlord, "any time after rent is due," to demand payment thereof and to terminate the lease if such payment is not made within five days after service of notice. Defendant's position is, as stated in his brief: "It is defendant's contention that one of the conditions and requirements that the statute prescribes in conferring jurisdiction in an action brought pursuant to Section 8 of the Landlord and Tenant Act is that 'rent' as used in that section be defined in its common law context and not thrown open to the infinite variety of considerations which parties may agree upon to be rent, though not remotely resembling 'rent' as a legal concept." Accordingly defendant urges that the term "rent" must be limited to the profit out of the lands and tenements and cannot include compensation for such services as electricity furnished the tenant, even though the parties by their agreement expressly include the furnishing of such services as a part of the consideration for the rent fixed in the lease. This contention ignores the present day conditions in large cities where multiple dwelling buildings are not only common but necessary to meet the requirement of housing a great number of people in a small area. Electricity, gas and water are as essential to the proper enjoyment of the use of these dwelling places as light and air. No reason of public policy prohibits the parties from including the furnishing of this service as part consideration of the fixed monthly rental agreed upon, and to provide, as additional rental, for payment for additional or extraordinary electricity, gas or water. The courts recognize these additional payments as rent for the use and occupancy of the premises. Similar provisions in respect to taxes, insurance premiums and repairs are recognized as valid provisions

275

creating additional rent obligations on the lessee. In *Neagle v. Kelly*, 146 Ill. 460, and *Morrison v. Moir Hotel Co.*, 204 Ill. App. 433, the Illinois courts recognize provisions in leases for the payment of taxes as obligations for the payment of rent. In *Knepper v. Rothbaum*, 104 Misc. 554, 172 N. Y. Supp. 109, an action for possession, a provision of the lease requiring the lessee to keep the premises in good repair and on default thereof to give the lessor the right, on notice, to make repairs and add the cost to rent of the next month, and providing that such cost shall constitute the rent with that otherwise provided for in the lease, was construed to make such costs part of the rent so that dispossession proceedings would lie for nonpayment thereof. In *Stein v. Stely* (Ct. Civ. App. of Texas), 32 S. W. 782, 783, the court said:

"While rent is defined as the recompense for the use and occupancy of lands, 'it is not confined solely to compensation for the use of the land, for chattels are often demised with the land, and form no inconsiderable portion of the consideration for which rent is paid.' 12 Am. & Eng. Enc. Law, p. 730, and authorities cited. The statute giving a lien for the rent of 'any residence, storehouse, or other building' does not change the above proposition of law, and the fact that the rent of a house might be increased by the furniture contained therein would not demand separation of the rent of the house unfurnished from the increase by reason of the use of the furniture."

In *Fernwood Masonic Hall Ass'n v. Jones*, 102 Pa. 307, where the lessee covenanted to pay $1,500 per annum and also "the gas bills at the rate of $3 per 1,000 feet during her occupancy of the premises," the amount due for gas supplied by the landlord was held to be part of the rent in a distress proceeding. See also

*Woolsey v. Abbett,* 65 N. J. L. 253, taxes and water charges included in an assignment of rent; *Gedge v. Shoenberger,* 83 Ky. 91, *Perrin & Smith Printing Co. v. Cook Hotel & Excursion Co.,* 118 Mo. App. 44, *Britton v. Western Iowa Co.,* 9 F. (2d) 488, where taxes were included as part of the rent; *McCann v. Evans,* 185 Fed. 93 (C. C. A. 3rd Cir.), where taxes, gas and water rates were included as rent; and *In re Copping's Estate,* 29 F. (2d) 998, where taxes and insurance premiums were included as rent.

▮ The lease herein expressly provided that the monthly rental fixed therein included heat, hot water, gas for cooking, and electricity, and, as heretofore stated, made provision for the payment of additional sums as rent when electricity in excess of the amounts fixed by the lease for the respective months was used. Ample notice of the additional charge was given defendant. He raises no question as to the correctness of the charge.

The court erred in entering judgment for defendant. The judgment is reversed and the cause remanded with directions to the trial court to enter judgment for possession for plaintiff.

*Reversed and remanded with directions.*

BURKE, P. J. and FRIEND, J., concur.