single member of the firm did not make a residuary legatee of that member a member of the firm. It only authorized the continuation of the partnership by the surviving members, from which the estate of the deceased member could withdraw its share of the assets. After the partnership then had been dissolved as to the estate of John Babcock, this note was given by individuals interested in the assets of that firm, including this defendant. The parties were jointly liable upon the note. Prima facie, the payment by a part of the signers entitles them to contribution. It for the first time appears in this trial that defendant has been discharged as executrix of the will of John Babcock. It may be that the defendant, upon pleading and proving that upon a partnership accounting the plaintiffs were in fact indebted to her testator, might present a defense to the whole or a part of the plaintiffs' claim for contribution. No such defense, however, was presented, and upon the plaintiffs' pleading and proofs we are unable to see why they are not entitled to a judgment.

The judgment must, therefore, be reversed upon the law and the facts, and a new trial granted, with costs to appellants to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs, to appellant to abide event. All concur, except PARKER, P. J., dissenting, on the ground that the plaintiff's contract was that of a surety only, and therefore not subject to an action for contribution, and HOUGHTON, J., not voting, not being a member of this court at the time this decision is handed down.

---

(48 Misc. Rep. 525)

### SECURITY TRUST & LIFE INS. CO. v. COGSWELL.

(Supreme Court, Appellate Term. November 29, 1905.)

LANDLORD AND TENANT—LEASES—MODIFICATION.

    After expiration of a lease providing for a yearly rental of $600, and permitting its termination on 30 days' notice, the same parties made a new lease of the property, omitting the provision as to termination and stipulating for a yearly rental of $650. Thereafter, when the only subject of conversation and the only subject of dispute was the amount of rent to be paid, the lessee insisting that the condition on which the increased rental had been agreed on had not been fulfilled, the lessor said that the lessee might go back to the old lease. *Held*, that this was merely an agreement to go back to the old lease as regards the amount of rental, and not as regards the provision for termination.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 93.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Security Trust & Life Insurance Company against Elizabeth N. Cogswell. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Blandy, Mooney & Shipman (Edmund L. Mooney and Laurence A. Sullivan, of counsel), for appellant.

Cantwell & Moore, for respondent.

SCOTT, P. J. The plaintiff sues for four months' rent. The defendant held under a written lease under seal, dated February 2, 1904, for the term of one year, beginning May 1, 1904, at a yearly rental of $650. Plaintiff concedes that at some time during the term it voluntarily reduced the rental to $600 and accepted payment of the rent at that rate, and now sues to recover at the reduced rate. The defendant had held a prior lease, also under seal, which expired May 1, 1904, at the yearly rental of $600, and which contained a clause, not incorporated in the lease of February 2, 1904, permitting either party to cancel the lease upon 30 days' notice. The defendant, in December, 1904, notified plaintiff that she elected to terminate her tenancy. Plaintiff refused to accept her surrender, and now sues for the rent until the end of the term. The defendant's allegation is that the lease executed on February 3, 1904, was canceled by the parties, and a new lease and agreement entered into by which the defendant was to have the premises at the yearly rental of $600 and to have all the privileges mentioned and set forth in her former lease, including the clause providing for a cancellation of the lease on 30 days' notice. The evidence wholly fails to sustain this plea. It appears that for the first two months of the term the defendant sent checks for her rent at the rate of $600 per annum, which plaintiff refused to receive, and begun proceedings to dispossess. Defendant then saw some one in plaintiff's office, and insisted that plaintiff had not fulfilled a condition upon which the increased rental had been agreed upon, viz., to get rid of another tenant to whom the defendant objected. After a while some one, not identified by the witness, said that she might go back to her old lease.

The only subject of conversation at this time, and the only subject of dispute, was the amount of rent to be paid; and if we are to believe that any one used the words testified to by defendant, and are to assume (for there is no proof) that the person who used them had authority to bind the plaintiff, the utmost effect that can fairly be given to them is that plaintiff agreed to go back to the old lease so far as the amount of rental was concerned. There is nothing in the circumstance, nor in the language, to justify the conclusion that it was then agreed that the lease of 1904 should be wholly canceled, and the expired lease of 1903 revivified and reinstated. To sustain defendant's contention it would be necessary to find, not alone that some of the terms of the lease of 1904 had been modified, but that a new and valid lease had been made. Coe v. Hobby, 72 N. Y. 141, 28 Am. Rep. 120. The conversation testified to by defendant cannot reasonably be construed as the making of a new lease, and, even if it could, there is not the slightest evidence that the person with whom she says she had the conversation had authority either to make or modify a lease on behalf of plaintiff. It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs. MacLEAN, J., concurs in result.