# R. P. ANDREWS PAPER COMPANY *v.* SOUTHERN SODA FOUNTAIN COMPANY.

RECORDATION OF INSTRUMENT; LANDLORD AND TENANT; CONDITIONAL SALES.

1. Under Secs. 546 and 547, D. C. Code (31 Stat. at L. 1275, chap. 854, as amended, 32 Stat. at L. 533, chap. 1329), requiring bills of sale, mortgages, deeds of trust, and conditional sale contracts in order to be valid as against third persons, to be recorded within ten days after acknowledgment, the instrument need not be acknowledged as of its date, and unless the delay in acknowledging it be unreasonable and intervening rights accrue during the period of delay, the recorded instrument will have the same effect as if acknowledged on the date of its execution.

2. *Quære*, whether a landlord's lien is embraced within the provision of Sec. 547, D. C. Code, requiring the vendor to record a conditional sale contract as a protection "against third persons acquiring title to said property from said purchaser without notice of the terms of said sale."

3. Where rent is payable in monthly, quarterly, or annual periods, the lien does not extend to rent to accrue for any such period unless the period has actually commenced to run and the landlord's lien as to that particular instalment of rent has become fixed. (Citing *The Richmond* v. *Cake*, 1 App. D. C. 447.)

4. The failure to record a conditional sale contract under Sec. 547, D. C. Code, accrues only to the benefit of existing creditors of the vendee, and not to debts accruing after its record.

No. 2951. Submitted December 6, 1916. Decided February 5, 1917.

HEARING on an appeal in a suit in equity for the foreclosure of a chattel deed of trust from a decree directing receivers, theretofore appointed, to deliver certain personal property to the appellee, an intervenor, which was claimed by it, and also by the appellant, the landlord of the defendant.     *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an attempt on the part of appellant company, R. P. Andrews Paper Company, to subject to a landlord's lien a soda fountain sold by appellee company, Southern Soda Fountain Company, to appellant's tenant under a conditional sale agreement. From a judgment holding the contract good as against appellant's lien the case comes here on appeal.

It appears that on April 1, 1914, appellant leased certain premises in the city of Washington to the Lady Fairfax Candy Company. On April 27, 1914, appellee company sold to the candy company a soda fountain upon a conditional sale contract in usual form, whereby the title was to remain in the vendor until the purchase price was paid in full. The contract, though dated April 27th, was not acknowledged until May 29th, and not recorded until June 4th. Thus, more than one month elapsed between the date of the contract and the date when it was recorded.

It is contended by counsel for appellant that the contract is void as against third parties, since it was not recorded within ten days from its date. The sections of the District Code relied upon are as follows:

"Sec. 546.  Recording.—No bill of sale or mortgage or deed of trust  *  *  *  shall be valid and effectual to pass the title therein  *  *  *  unless the same be executed, acknowledged, and within ten days from the date of such acknowledgment recorded in the same manner as deeds of real estate, and  *  *  * such instrument shall be operative only from the time within said ten days when it is delivered to the recorder of deeds to be recorded.  [31 Stat. at L. 1275, chap. 854.]

"Sec. 547.  Conditional Sales.—No conditional sale of chattels  *  *  *,  where the purchase price exceeds $100, shall be valid as against third persons acquiring title to said property from said purchaser without notice of the terms of said sale, unless the terms of said sale are reduced to writing and signed by the parties thereto and acknowledged by the purchaser and recorded in the same manner as a chattel mortgage, as hereinbefore provided;  *  *  *  and shall be operative as to third persons without actual notice of it from the time of being so recorded."  [31 Stat. at L. 1275, chap. 854, as amended 32 Stat. at L. 533, chap. 1329.]

*Mr. M. D. Rosenberg* and *Mr. John Ridout* for the appellant:

There never has been any effective record of the conditional sale contract, so that the appellant stands in the same relation to the situation as if said conditional sales contract had never been recorded, and under the expression contained in section 547, D. C. Code, "third persons acquiring title to said property from said purchaser," the appellant in respect to his lien for rent is as fully protected as if it were literally a purchaser of the property in question in the ordinary acceptation of the term. *Bryan* v. *Sanderson,* 3 McArth. 431; *Hechtman* v. *Sharp,* 3 McArth. 90; *Beall* v. *White,* 94 U. S. 382; *Brady* v. *Nagle,* 29 S. W. 943; *Elliott* v. *Emerson Piano Co.* 80 Ill. App. 51; *Hufford* v. *Akers,* 52 W. Va. 21; *American Machinery Co.* v. *New England Brick Co.* 87 Atl. 731.

*Mr. J. Dawson Williams* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It will be observed that the statute requires that the instrument shall be recorded within ten days after acknowledgment. That was done in this instance. In other words, record is required within ten days after the instrument is made recordable by the act of acknowledgment. There is nothing in the law which requires that acknowledgment of the instrument be of its date, and, unless the delay in acknowledging be unreasonable and intervening rights accrue during the period of delay, the recorded instrument will have the same force and effect as if acknowledged on the date of its execution.

But, passing over the doubtful proposition that a landlord's lien in this District is embraced within the provision of the statute requiring a vendor to record a conditional sale contract as a protecton "against third persons acquiring title to said property from said purchaser without notice of the terms of said sale," we come to the single issue essential to the disposition of this appeal. Any lien that appellant may have had against the chattels of the candy company situated on the leased premises did not attach until long after the contract was recorded. The lease was for a term of twenty-one months, and the rent was payable in equal monthly instalments of $250 each on the first day of each month. The rent for which a lien is here claimed was for the months of September, October, and November, 1915, almost fifteen months after the contract was recorded. The indebtedness did not relate back to the beginning of the lease. We have held that where rent is payable in monthly, quarterly, or annual periods the lien does not extend to rent to accrue for any such period unless the period has actually commenced to run and the landlord's lien as to that particular instalment of rent has become fixed. *The Richmond* v. *Cake,* 1 App. D. C. 447. In any view of the statute, the failure to record could at most accrue to the benefit of existing creditors, and not to debts accruing after record.

As the debt did not accrue until after the contract was recorded, in any view of the law appellant must fail. The judgment is affirmed with costs.                    *Affirmed.*