## SPILMAN v. GEIGER.
### No. 5334.

Court of Appeals of District of Columbia.
Argued Feb. 4, 1932.
Decided May 2, 1932.

Arthur J. Hilland, of Washington, D. C., for appellant.

Henry M. Fowler, Fred C. Geiger, and Olive E. Geiger, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal to determine the priority of competing liens upon certain chattels held by the marshal under attachment subject to the orders of the court.

It appears that in the year 1928 the appellant leased certain premises located in the District of Columbia to the Continental Motor Club, to be used as a public garage, for a term of five years beginning July 1, 1928, for a total rental of $27,650, payable in monthly installments on the first day of each month in advance. The tenant then took possession of the premises and from time to time placed therein the various chattels belonging to it. Afterwards the tenant failed to pay the rent for May, June, and July, 1930, and the landlord in July of that year filed suit and recovered judgment therefor. An attachment was issued upon the judgment, and the chattels herein involved were seized by the marshal under the writ.

In the year 1929, on a day more than a year after the commencement of the tenancy aforesaid, the tenant executed a promissory note in the sum of $2,550, to the appellee, Geiger, and secured the same by chattel mortgage upon the chattels herein attached, and by leave of court Geiger filed an intervening petition in the case setting out this fact, alleging also that $1,700 of the loan remained due and unpaid, and claiming that the chattel mortgage vested in him a lien upon the attached chattels which was superior to the landlord's lien thereon. He prayed that the court should quash the attachment and order the marshal to deliver the chattels to him. The court sustained this claim; the attachment was quashed, and the chattels were adjudged to the intervener, whereupon this appeal was taken. The sole question is whether, under the circumstances, the landlord's statutory lien for rent under the tenancy commencing in the year 1928 is superior to the lien of a chattel mortgage executed upon the same chattels in the following year.

The lien of the landlord for rent, which is a statutory substitute for the landlord's common-law right of distraint, arises under section 1229, D. C. Code (D. C. Code 1929, T. 25, § 325), which reads as follows: "Sec. 1229. Lien for rent.—The landlord shall have a tacit lien for his rent upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt, to commence with the tenancy and continue for three months after the rent is due and until the termination of any action for such rent brought within said three months."

A procedure for the enforcement of this lien is provided by section 1230, D. C. Code (D. C. Code 1929, T. 25, § 326), which reads in part as follows:

"Sec. 1230. How enforced.—The said lien may be enforced—

"First. By attachment, to be issued upon affidavit that the rent is due and unpaid; or, if it be not due, that the defendant is about to remove or sell some part of said chattels. * * * *"

We think the language of the statute clearly answers the question at issue. It provides that the landlord's lien for rent shall "commence with the tenancy." The tenancy commenced before the chattel mortgage was executed, and therefore before it could become a lien.

In Webb, Trustee, v. Sharp, Marshal, 13 Wall. 14, 20 L. Ed. 478, it is held that: "In the District of Columbia a landlord has a tacit lien for his rent on the chattels of his tenant on the demised premises, from the time the chattels are placed therein until the ex-

piration of three months after the rent becomes due; which lien has priority over a mortgage on the chattels given after they are placed on the premises. But it seems that a bona fide sale or removal of the goods would discharge them from the lien." Syllabus.

In Fowler v. Rapley, 15 Wall. 328, 335, 21 L. Ed. 35, in a case involving a similar issue, the court said: "Repeated decisions in other jurisdictions have settled the question, that the lien in such cases attaches at the commencement of the tenancy, or whenever personal chattels owned by the tenant and subject to execution for debt are brought on the rented premises."

The record discloses that in the instant case the lower court followed certain views expressed by us in The Richmond v. Cake, 1 App. D. C. 447, and which were cited by us with assent in Andrews Paper Co. v. Southern Soda Fountain Co., 46 App. D. C. 84, to the effect that the tacit lien for rent given to a landlord by the statute extends only to rent due or which has actually commenced to accrue, although not yet payable; and that, where monthly, quarterly, or annual periods of payment of rent are provided in a lease, the lien does not become effective to secure the rent for any such period until it has actually commenced to run so that the landlord's right to the installment of rent for such period has become fixed and absolute.

No intervening lien was involved in the foregoing case, nor did these views enter in any manner into the decision of the court therein; nevertheless, the statements imply that in case of a tenancy providing for the monthly payment of rent the landlord's lien for rent would not become effective for any month until after the month has begun to run. According to such a construction the chattel mortgage in the present case would outrank the landlord's lien for rent for May, June, and July, 1930, for it became effective when executed in 1929.

We think, however, that the correct rule is otherwise. It is well expressed by J. J. Darlington, Esq., special auditor, in Bryan v. Sanderson, 3 MacArthur (10 D. C.) 431, as follows: "It will be observed that the statutory lien differs in a material respect from its common-law prototype, the right to distrain. Under the latter, unless distraint were actually made, the landlord acquired no lien; his was an inchoate right to a lien to be perfected by distress, rather than a lien in itself. But the lien of the statute exists independently of the prescribed methods of enforcing it. Indeed, commencing with the

tenancy, it exists before those methods have been or can be resorted to—i. e., before any rent has accrued." This interpretation plainly follows the specific terms of the statute. See, also, Hechtman v. Sharp, 3 MacArthur (10 D. C.) 90; Johnson v. Douglass, 2 Mackey (13 D. C.) 36.

We hold therefore that the landlord's attachment in the present case should be sustained. The decision of the lower court is accordingly reversed, and the cause is remanded for further proceedings not inconsistent herewith.