## KLEIN et al. v. INSURANCE BUILDING, Inc.

### No. 352.

Municipal Court of Appeals for the
District of Columbia.

March 28, 1946.

Herman Miller, of Washington, D. C.,
(Ellis Klein and William H. Labofish, both
of Washington, D. C., on the brief), for
appellants.

H. Max Ammerman, of Washington, D.
C., (Louis Ottenberg, of Washington, D. C.,
on the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD, Associate Judge.

CAYTON, Chief Judge.

This suit was brought by Insurance Building, Inc., against tenant Meserole
to recover posession of real estate and for
rent in arrears amounting to $1,600. Plaintiff filed an affidavit in attachment for rent
and caused to be seized personal chattels
on the premises.[1] Whereupon Klein and
Labofish, trustees under a chattel deed of
trust, filed a petition in the cause, asserting
their lien under the chattel trust, and urging that such lien was superior to the landlord's lien for rent. Trial was by the court,
which held that plaintiff was entitled to
judgment against defendant Meserole for
$1,600 covering four months' rent and interest, and held also that plaintiff's lien for
three months' rent[2] in the sum of $1,200
was superior to the lien of the trustees under the chattel trust. Tenant Meserole and
the trustees, Klein and Labofish, have
brought this appeal.

The essential facts are these: Defendant
took possession of the premises as a monthly tenant under a written lease from the
Arcade Company, commencing on February 15, 1944. Said lease provided for waiver of notice to quit in case of default in
payment of rent. Subsequently, Insurance
Building, Inc., acquired the premises and
received an assignment of defendant's
lease. On April 25, 1944, defendant executed a chattel deed of trust (which was dated
March 20, 1944), to secure an $8,000 indebtedness to one Michael Ferrone, under

---

[1] This is a statutory remedy authorized
by Code 1940, §§ 45—916 and 45—917.
[2] Though four months' rent was due,
the trial judge properly restricted the operation of landlord's lien to three months'
rent under Code 1940, § 45—915.

which Klein and Labofish were named as trustees. On July 28, 1944, the landlord filed a suit for possession (not this case) against defendant, claiming nonpayment of rent in the sum of $1,200. On September 1, 1944, a confession of judgment and stipulation was filed in that suit, waiving all legal notice and voluntarily confessing judgment for possession in favor of plaintiff; defendant consented to the issuance of a writ of restitution on October 4, 1944, or at any time thereafter; he agreed to pay on the date of the stipulation the sum of $400 and a like amount each month thereafter. The stipulation also contained provisions for prorating unearned rent on a per diem basis in the event defendant was required to move during any month for which his rent had already been paid. Subsequently, two additional stipulations were signed further extending the time for stay of execution.

Execution was never made, nor was a writ of restitution ever issued. The $1,200 claimed was never paid, and defendant remained in possession. On August 24, 1945, plaintiff filed this suit with the results we have stated.

■ Tenant's Appeal. The tenant rests his claim for reversal on the single contention that the trial judge should have found that the stipulation created a new tenancy under which he was entitled to a thirty-day notice to quit before suit could be filed against him. We see no merit in the contention.

In the lease the tenant had agreed that no notice to quit should be necessary if default in rent occurred, and we find nothing in the subsequent stipulation to cancel or modify that waiver. Hence the lease, including the waiver clause, remained in full force.

Defendant contends that when the landlord arranged through the medium of the stipulation to allow him to continue in possession, and arranged a new method of rent payments, he destroyed the original monthly agreement and created a new tenancy.[3] But we find no support in fact and no warrant in law for this contention. Appellant cites us to no cases to support his

theory, and the only decisions we have found support our view that the modification of a lease in a single particular does not, without more, operate to extinguish the lease itself, or cancel other rights provided therein. Anderson v. Miller, 76 Ind.App. 681, 133 N.E. 29; New Eureka Amusement Co. v. Rosinsky, 126 Pa.Super. 444, 191 A. 412; Haines v. Elfman, 235 Pa. 341, 84 A. 349. See also Security Trust & Life Ins. Co. v. Cogswell, 48 Misc. 535, 96 N.Y.S. 87.

Accordingly we hold that the trial judge was correct in ruling that no new tenancy was created by the stipulation, and that the tenant was not entitled to the service of a notice to quit.

■ Trustees' Appeal. The trustees, as we have said, contend that their lien under the chattel deed of trust is superior to that of the landlord. Little need be said on this point except to mention that the tenancy commenced more than two months before the chattel trust was executed, and that the situation is governed by our Code 1940, § 45—915, which provides: "The landlord shall have a tacit lien for his rent upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt, to commence with the tenancy and continue for three months after the rent is due and until the termination of any action for such rent brought within said three months."

It has been said with finality by the Supreme Court and our U. S. Court of Appeals that the lien created by this section takes priority over the lien of a subsequently executed chattel deed of trust. Beall v. White, 94 U.S. 382, 24 L.Ed. 173; Spilman v. Geiger, 61 App.D.C. 164, 58 F.2d 890; Moses v. Labofish, 76 U.S.App. D.C. 401, 132 F.2d 16. This rule has been well established and uniformly followed, except in certain unusual situations which need not be discussed here. Applying that rule to the case before us, only one result is possible. Finding as he did that the original lease had not been abrogated, the trial judge was entirely correct in enforcing the landlord's lien thereunder.

Affirmed.

[3] In his brief he describes such new tenancy as one by sufferance, while in his oral argument he referred to it as a tenancy at will. But we think this discrepancy immaterial since we are satisfied that neither contention is correct.