**MUNDAY v. BRICKLAYERS, MASONS & PLASTERERS INTERNATIONAL UNION OF AMERICA.**

No. 373.

Municipal Court of Appeals for the District of Columbia.

Argued April 22, 1946.

Decided May 22, 1946.

C. Stewart Dowrick, of Washington, D. C. (Paul M. Rhodes, of Washington, D. C., on the brief), for appellant.

Nicholas J. Chase, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD, Associate Judge.

HOOD, Associate Judge.

Defendant is the owner of an office building. Plaintiff was secretary to one Webb, a tenant in the building. In 1942, at a time when no rent was due by him to defendant, Webb sold to plaintiff the rug on his office floor. Plaintiff did not remove the rug but permitted it to remain in the office. In March 1945 Webb was in default in payment of his office rent for the immediately preceding eight months, and defendant brought suit against him and obtained judgment for possession and for the unpaid rent. Thereupon Webb vacated the office, leaving the rug in it, and defendant took possession of the office and rug.

Plaintiff brought this action to recover the rug or its value from defendant who claimed a landlord's lien by reason of the unpaid rent. The trial judge found that plaintiff was the owner of the rug but that defendant had a lien on it for an amount equal to three months rent. Cf. Klein et al. v. Insurance Building, Inc., D.C.Mun.App., 46 A.2d 368. Plaintiff's appeal raises the single question whether as a matter of law the lien for rent can be asserted against the rug.

The landlord's lien in this jurisdiction is a statutory one, originally created by the Act of February 22, 1867, 14 Stat. 404, ch. 64, § 12, R.S.D.C. sec. 678, which was re-enacted in our Code as follows: "The landlord shall have a tacit lien for his rent upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt, to commence with the tenancy and continue for three months after the rent is due and until the termination of any action for such rent brought within said three months." Code 1940, § 45—915.

Plaintiff contends that the statute affords the landlord a dormant or inchoate

lien which is not operative until rent is in arrears, and that when the rent is not in arrears, the lien can be utilized only in the event of a sale designed to defraud the landlord of his statutory remedy, and that it cannot be asserted following a bona fide sale of personal chattels at a time when no rent was owed. As we read the statute, however, and as it has been construed by the United States Supreme Court and the United States Court of Appeals for the District of Columbia, the lien is not dormant, but is in effect from the time personal chattels are brought upon the leased premises and can only be displaced by a sale of the goods in the ordinary course of trade followed by their removal from the premises.

In interpreting the Act of February 22, 1867, the Supreme Court, in Webb v. Sharp, 13 Wall. 14, 16, 20 L.Ed. 478, held that a printing press, mortgaged after the tenancy commenced and before any rent was due, was subject to the landlord's lien which had attached the moment the press was brought upon the premises. Plaintiff relies on a statement contained in that opinion to the effect that the case would be a different one if a bona fide sale of the press had been made but the court went on to say, apparently as reason for the foregoing statement, that "Goods sold in the ordinary course of trade undoubtedly become discharged from the lien." The two statements must be read together. In the later case of Fowler v. Rapley, 15 Wall. 328, 336, 21 L.Ed. 35, where the tenant sold his stock of goods to one who had no actual knowledge of the status of the tenancy, the court held that the lien attached when the goods were brought on the premises and was not displaced by the sale because it was not one in the ordinary course of trade. The court there laid down the rule that "the lien is displaced where the goods are sold in the usual course of trade carried on by the tenant, provided they are duly delivered, and do not remain on the premises." This principle was affirmed in Beall v. White, 94 U.S. 382, 24 L.Ed. 173.

In The Richmond v. Cake, 1 App.D.C. 447, the Court of Appeals of the District of Columbia apparently restricted the operation of the lien to cases where the rent was actually in arrears or where the period in which the rent was due had commenced to run. However, that holding was overruled in Spilman v. Geiger, 61 App.D.C. 164, 165, 58 F.2d 890, 891, where the court stated:

"The record discloses that in the instant case the lower court followed certain views expressed by us in The Richmond v. Cake, 1 App.D.C. 447, and which were cited by us with assent in Andrews Paper Co. v. Southern Soda Fountain Co., 46 App.D.C. 84, to the effect that the tacit lien for rent given to a landlord by the statute extends only to rent due or which has actually commenced to accrue, although not yet payable. * * *

"We think, however, that the correct rule is otherwise. It is well expressed by J. J. Darlington, Esq., special auditor, in Bryan v. Sanderson, 3 MacArthur, 431, 10 D.C. 431, as follows: 'It will be observed that the statutory lien differs in a material respect from its common-law prototype, the right to distrain. Under the latter, unless distraint were actually made, the landlord acquired no lien; his was an inchoate right to a lien to be perfected by distress, rather than a lien in itself. But the lien of the statute exists independently of the prescribed methods of enforcing it. Indeed, commencing with the tenancy, it exists before those methods have been or can be resorted to—i. e., before any rent has accrued.' This interpretation plainly follows the specific terms of the statute."

Applying those principles to the case before us, we must hold the landlord's lien attached to the rug when it was brought on the premises and continued throughout the period of the tenancy. The sale to plaintiff was not a sale in the usual course of trade and had no effect on the landlord's lien. The further requisite that the property be removed from the premises, laid down by the Supreme Court in Fowler v. Rapley, supra, has not been met in the instant case. We are therefore of the opinion that the ruling of the trial court was proper and should be affirmed.

Affirmed.