James RECACHINAS, Appellant,

v.

Maurice KRESSIN, d/b/a Manhattan Office Equipment Company, Appellee.

No. 2208.

Municipal Court of Appeals for the District of Columbia.

Argued June 30, 1958.

Decided Nov. 24, 1958.

John G. Saul, Washington, D. C., for appellant.

Paul J. Kasloff, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

We are here concerned with a landlord claiming his statutory lien for rent on certain office furniture of his tenant and a purchaser of the property from the latter who asserts the right to it free of the landlord's lien.

One Gibson, a contractor, was a tenant of appellant in an office building owned by the latter. On March 11 of this year appellant filed a complaint against Gibson for possession of the office and for $250 rental in arrears. On March 15 the appellee, a dealer engaged in the buying, selling, and renting of new and used office furniture, purchased the furniture in question from Gibson, paying him $200 in cash. The furniture was in the office rented by Gibson and had been brought there by him when he first rented it. Contemporaneously with the sale, appellee leased back the same property to Gibson and it remained on the premises. On March 26 appellant secured a default judgment against Gibson for possession of the office and $250 for the claimed rent. He issued a writ of fieri facias on his money judgment March 31. The following day appellee sued out a writ of replevin against appellant for the property and on April 2 the marshal served both writs at the same time. The property was appraised while on the premises and placed in storage by the marshal, where it is still held pending the final outcome of this case. Thereafter, appellee filed a petition for trial of right of property and after a hearing the court decided in his favor. This appeal followed.

The trial court held that while the landlord had a lien, it was only "tacit," and that inasmuch as it was not "perfected," it was not effective against appellee be-

cause he was a purchaser for value without notice. The court was in error.[1]

We think that our decision in Munday v. Bricklayers, Masons & Plasterers International Union, D.C.Mun.App., 47 A.2d 398, is dispositive of this case. There, a tenant in an office building, at a time when no rent was due, sold his secretary a rug he used on his office floor. The secretary permitted the rug to remain in the office. The tenant, becoming in default in rent, moved from the office, leaving the rug in it after the landlord had obtained judgment for possession and for unpaid rent. Suit was brought by the secretary to recover the rug or its value and the landlord defended on the ground that it had a lien on the property for an amount equal to three months' rent.[2] In affirming the decision of the trial court which upheld the priority of the landlord's lien, we said:[3]

" * * * As we read the statute [45–915], * * * and as it has been construed by the United States Supreme Court and the United States Court of Appeals for the District of Columbia, the lien is not dormant, but is in effect from the time personal chattels are brought upon the leased premises and can only be displaced by a sale of the goods in the ordinary course of trade followed by their removal from the premises.

\* \* \* \* \* \*

" * * * [W]e must hold the landlord's lien attached to the rug when it was brought on the premises and continued throughout the period of the tenancy. The sale to [the secretary] was not a sale in the usual course of trade and had no effect on the landlord's lien. * * *"

Reversed with instructions to enter a judgment for the appellant.

1. See our decision in Elmira Corporation v. Bulman, D.C.Mun.App., 135 A.2d 645, which discusses the nature of the landlord's lien.

2. Code 1951, § 45–915: "The landlord shall have a tacit lien for his rent upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt, to commence with the tenancy and continue for three months after the rent is due and until the termination of any action for such rent brought within said three months."

